[No. 7,791—Department One.]

## PHILIP WEDEL *v.* D. C. HERMAN ET AL.

DEED OF MARRIED WOMAN—EXECUTION—ACKNOWLEDGMENT—DEFECTIVE CERTIFICATE.—Under the law of this State, as it stood prior to the codes, execution, acknowledgment, and certification (either by the officer taking the acknowledgment or by the County Judge, under the act of April 13, 1860) were made essentials of the conveyance of the estate of a married woman, and the lack of any of these essentials made her deed void; but under the codes the certificate of acknowledgment is not an essential part of her conveyance, but is regarded simply as record proof of acknowledgment.

When acknowledgment has been made according to law, before an officer qualified by law to take it, the party making it has done all that the law requires to make the instrument her act and deed. When thus executed and acknowledged, though defectively certified, her conveyance has the same legal effect as the deed of a *feme sole*.

ID.—ID.—ID.—ID.—REFORMATION OF A DEFECTIVE CERTIFICATE—POWER OF OFFICER TAKING ACKNOWLEDGMENT—EQUITY.—The officer making the certificate can not amend it; for, after taking the acknowledgment and delivering his return, his functions cease; but, what he can not do, can be done, in a proper case, by a Court of equity; and this jurisdiction is conferred, by section 1202 of the Civil Code, upon the Superior Court.

DELIVERY OF DEED.—A deed from a father to a son, duly acknowledged and recorded at the request of the grantor, and produced on the trial by the grantee, is admissible in evidence without further proof of delivery.

DEED FROM HUSBAND TO WIFE—SEPARATE PROPERTY—COMMUNITY PROPERTY—GIFT.—Where a deed, purporting to be for a valuable consideration, is executed by a third person to a married woman, the presumption is that the premises conveyed become community property; but whether a like presumption prevails in case of such a deed executed by a husband to his wife is doubtful, under Section 158 of the Civil Code.

But *held*, in this case unnecessary to decide the point, the Court having found that the conveyance in question was intended as a gift.

SPECIAL DEMURRER—APPEAL—INFANT—GUARDIAN AD LITEM—COMPLAINT —PLEADING.—On appeal from a judgment, a defendant can not avail himself of defects in the complaint which might have been reached—but were not objected to—by special demurrer.

So *held* in an action by an infant plaintiff, with regard to an objection that the second count of the complaint did not allege the appointment of a guardian *ad litem*.

APPEAL by the defendant Herman from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of the County of San Diego. McNEALY, J.

The complaint contains two counts. In the first count it is in substance alleged, that the plaintiff is and for more than four years last past has been seised and possessed, by a title in fee simple, of a certain lot of land situate in the City of San Diego, known as lot " G," etc.; that the defendants, and each of them, claim some estate and interest in the premises adverse to the plaintiff; that the said claims of the defendants and each of them are wrongful and without right or title, etc.

The second count makes the same allegations with reference to another lot in the City of San Diego, known as lot " D," and then proceeds as follows: Plaintiff further alleges, that his said title to said lot " D" is derived by and through a certain deed conveying the same to him, executed and delivered to him by the defendant Magdalena Walter, on the eleventh day of June, 1875; that at said date Magdalena Walter was Magdalena Wedel, and was the wife of Philip Wedel, Sr., now deceased; and that at the time she executed and delivered said deed to plaintiff as aforesaid, and for the purpose of acknowledging the execution thereof, and having the same certified as required by law, she personally went before one S. Statler, then and there being a duly appointed, qualified, and acting Notary Public in and for said County and State, with said deed; that she was then and there personally known to said S. Statler, Notary Public as aforesaid, to be the person whose name was and is subscribed to said deed, and who was and is described therein; that said Notary Public then and there, upon an examination without the hearing of her husband, made her acquainted with the contents of said deed; and thereupon she acknowledged to said Notary Public that she executed the same, and that she did not wish to retract such execution. That said Notary Public, in affixing his certificate of acknowledgment to said deed, inadvertently and by mistake omitted to certify therein that upon an examination without the hearing of her husband, he made her acquainted with the contents of said deed, but used a blank form therefor, authorized in such cases prior to the adoption of the codes of this State, which caused the mistake and omission aforesaid; that said deed and acknowledgment was then and there in all other respects duly certified by said Notary Pub-

lic; and was afterwards, on or about June 12, 1875, duly recorded in the Recorder's office of said County in Book of Deeds, Liber 25, at page 469, *et seq.;* and that said defendants, and each of them, have at all times had full and complete notice of all the facts herein stated; that the only claim of the said defendant, D. C. Herman, in and to said lot "D," is based upon a constable's sale of all the right, title, and interest of the defendant Magdalena Walter therein, made to himself under and by virtue of an execution in his own favor, which execution was issued upon a judgment recovered in 1880, upon a debt contracted by said Magdalena Walter long subsequent to the execution and delivery of the deed aforementioned.

Wherefore plaintiff prays that said certificate of acknowledgment be corrected to conform to the facts herein stated, and to the requirements of the law in such cases, and that by the decree of this Court it be determined that neither of said defendants has any valid interest or estate in said premises, or in any part thereof; that plaintiff's title thereto is valid, and that the same be quieted, and that plaintiff have such other relief as may be just, and judgment for costs.

The material allegations of the complaint were denied by the answer.

The complaint was demurred to upon the ground, among others, that in the second cause of action two causes of action had been improperly united, to wit, a claim to recover specific real property with a cause of action for the correction of a certificate of acknowledgment; and that said causes of action were not separately stated.

A petition for hearing in bank was filed in this case after judgment and denied.

*M. A. Luce,* for Appellant.

The demurrer should have been sustained. Two causes of action are improperly united in the second count of the complaint. A claim to recover specified real property has been united with a cause of action for the correction of a certificate of acknowledgment. (C. C. P., § 426.)

The certificate of acknowledgment of the conveyance by a married woman of real estate can not be corrected or re-

formed. (*Selover* v. *A. R. C. Co.*, 7 Cal. 266; *Barrett* v. *Tewksbury*, 9 id. 13; *Leonis* v. *Lazzarovich*, 55 id. 52; 7 Cent. L. J. 182.) The certificate, as required by law, is absolutely essential to the deed, and as necessary a part of its execution as the signature. (*Leonis* v. *Lazzarovich*, 55 Cal. 52; *Mariner* v. *Saunders*, 5 Gilman, 125.)

That, if corrected, the conveyance could only be operative from the time of the judgment of the Court correcting the certificate. (C. C., §§ 1107, 1204, 1214; *Jackson* v. *Stevens*, 16 Johns. 110.) And especially so when Herman is shown by the complaint to be a *bona fide* purchaser. (*Hunter* v. *Watson*, 12 Cal. 377.)

The certificate is conceded to be defective, and even if it could be corrected or reformed by the Court, the deed was not admissible until a judgment of a Court had been entered, correcting the certificate of acknowledgment to comply with the requirements of the Code.

But the first deed was not delivered, as the whole evidence on this question, taken together, plainly shows. There is nothing to show delivery but the fact of its being recorded.

That the evidence fails to show a delivery of the first deed, we think is clear when examined in the light of the following authorities: 3 Wash. on Real Prop. 262, 263; *Maynard* v. *Maynard*, 10 Mass. 456; S. C., 6 Am. Dec. 146; *Jackson* v. *Phipps*, 12 Johns. 418; 1 Johns. Ch. 253.

*Leach & Parker*, for Respondent.

As to the power of the Court to correct the certificate, see Civil Code, Sections 158, 1093, 1186–1189, 1191, 1202.

The Legislature having the power to remove all of the disabilities of a married woman to convey real estate, has actually done so, and given her full power to convey, except that it must be done in the mode and manner prescribed by the Code; and when her acknowledgment to a conveyance has been properly made but defectively certified, an action to correct the certificate is a part of the prescribed form. The objection to the second cause of action is waived because the demurrer does not specify or point them out. The complaint contains no cause of action to recover any property.

McKee, J.:

The main question in this case is, whether a defective certificate of acknowledgment to the deed of a married woman, purporting to transfer her separate real property, can be reformed in a Court of equity?

In exercise of power granted by the Constitution of 1849, the first Legislature of the State enacted a law for regulating the mode of transferring or incumbering the separate real or personal property of a married woman. By Section 19 of an Act entitled "An Act concerning conveyances," passed April 16, 1850, it was provided that a married woman may convey any of her real estate by any conveyance thereof, executed and acknowledged by herself and her husband, and certified according to the requirements of the Act by the officer taking the acknowledgment. Execution, acknowledgment, and certification were, therefore, made, by the law, essentials of the conveyance of the estate of a married woman; and each was required to be made and done in the mode, and according to the form, which the law prescribed. Her acknowledgment had to be made to an officer, qualified by the law to take it, to whom she was personally known to be the person whose name was subscribed to the conveyance as a party thereto, or proved to be such by a credible witness; and upon being made acquainted with the contents of the instrument subscribed by her, she was required to acknowledge, on an examination separate and apart from and without the hearing of her husband, that she executed the conveyance freely and voluntarily, without fear or compulsion, or undue influence of her husband, and that she did not wish to retract the execution of the same.

In construing the provisions of that statute, the Supreme Court regarded a married woman *quoad* her separate property as a *feme sole*, with power to dispose of her property, whether real or personal, in the mode prescribed, but in no other. Accordingly, they held that not only signing and acknowledgment by her of the execution of a conveyance, according to the statute, before an officer qualified by law to take the acknowledgment, but the certification by the officer of the execution and acknowledgment of the conveyance,

were each and all necessary parts of the conveyance; and that any instrument in writing, purporting to convey her real or personal separate property, which was not acknowledged and certified, or which was defectively acknowledged and certified, was absolutely void—a piece of blank paper, which could not be corrected or reformed in any particular in a Court of chancery, "because," say the Court, "her consent to contracts must be perfectly free. She can make no contract to bind her, except in the manner prescribed by law. The provisions of the statute must be strictly pursued." (*Barrett* v. *Tewksbury*, 9 Cal. 14; *Selover* v. *A. R. C. Co.*, 7 Id. 267.)

Both those cases involved transactions by married women as to their separate property, after the passage of the act of 1850. The last case involved a sale of the separate personal property of the wife in the year 1854, by an instrument in writing, which had not been acknowledged and certified at all. The first case involved a sale of the wife's separate real property, in the year 1852, by a warranty deed, which was defectively acknowledged and certified; and both contracts were held to be of no binding validity upon the wife, and were unenforceable against her, although she had in each case received the purchase money from the vendee.

Following those decisions, the Legislature of the State, by an act entitled "An act concerning acknowledgments of deeds and other instruments in writing affecting real estate," passed April 13, 1860, gave to the County Judge of each county of the State jurisdiction to correct any defective acknowledgments to deeds or instruments in writing—affecting the title to any real estate in his county—which had been executed in good faith by husband and wife, or any other person of lawful age. Upon proof of service, according to the statute, upon the parties to such an instrument, of a verified petition for the correction of a defective certification of the acknowledgment of the instrument; and upon satisfactory proof that the instrument had been, in fact, acknowledged according to law, before an officer qualified by law to take it, who had made a defective return of it, the County Judge was authorized to order the certificate to be amended; and such an order, when indorsed upon or annexed to the instrument, entitled it to be recorded. When recorded, the conveyance became valid; and

its record imparted notice to third persons, and entitled it to be admitted in evidence, as if it had been originally, in all respects, properly acknowledged or proved.

Those statutes of 1850 and 1860, as construed by the Supreme Court, continued to be the law upon the subjects of the execution, acknowledgment, and certificate of acknowledgment, of conveyances by married women of their separate real property, until the adoption of the Codes, January 1, 1873. In some respects the Codes changed the *status* of married women, and the mode of alienating or affecting their separate real property. By Section 158 of the Civil Code, a married woman was enabled to enter into any transaction or engagement with her husband, or any other person, respecting her separate property. The execution and acknowledgment of her conveyance, and the form of certificate of acknowledgment to be annexed to it, or indorsed upon it, were substantially the same as prescribed by the statute of 1850, except that the officer taking her acknowledgment was required to make her acquainted with the contents of the conveyance, on an examination *without the hearing* of her husband, instead of (as it might have been under the statute of 1850) in the *presence* of her husband. ( §§ 1186, 1191, C. C.)

But the legal effect of these forms of procedure was changed. Joint execution of a conveyance by the husband and wife, and a separate acknowledgment by each, according to the forms prescribed, were still required for the disposition of her estate. But execution, acknowledgment, *and* certification of acknowledgment, were no longer necessary to the validity of her conveyance. It was sufficient to pass her estate if she executed and acknowledged a conveyance thereof according to the requirements of the Civil Code. (§ 1093, C. C.) When thus executed and acknowledged, her conveyance had the same legal effect as the deed of a *feme sole*. (§ 1187, C. C.) Therefore the certificate of acknowledgment is not an essential part of her conveyance. That, under the codes, is regarded simply as record proof of the fact of acknowledgment. When acknowledgment has been made, according to law, before an officer qualified by law to take it, the party making it has done all that the law requires to make the instrument

her act and deed. Her deed thus executed and acknowledged may be valid, though defectively certified. The embodiment of the fact of acknowledgment, in the form of the certificate prescribed by law, devolves upon the officer who has taken the proof of it, and not upon the party making it. In taking the acknowledgment the officer acts judicially; and if he blunders in certifying to an acknowledgment duly made, or makes a defective or false certificate, he can not alter or amend it, because, after taking the acknowledgment and delivering the return, his functions cease, and he is discharged from all further authority. (*Bours* v. *Zachariah et Ux.*, 11 Cal. 281.) But what he can not do, may now be done by a Court of equity, for, by Section 1202 of the Civil Code, jurisdiction to correct a defective certificate of acknowledgment has been conferred upon the Superior Court.

*Leonis* v. *Lazzarovich*, 55 Cal. 52, is not in conflict with these views. Every judgment of every court must, of course, be considered with reference to the facts which were before the Court for determination. In the facts and the principles of law applicable to them, the two cases are entirely dissimilar. In that case the object of the action was to correct an alleged mistake in the *deed* of a married woman. The deed had been duly executed, acknowledged, and certified, and the Court held, that it could not be reformed by adding to it any other property than what was described in it, because a married woman can not be divested of her real estate, except in the mode prescribed by the codes. Therefore the judgment of the lower Court, directing a married woman defendant, to execute and acknowledge, within a certain time, another deed conveying other lands than those described in her original deed, was adjudged erroneous. Certain expressions in the opinion as to the power of the Court to correct a defective certificate of acknowledgment to such a deed, though sustained by authorities of other States, and by the decisions in our own State prior to the adoption of the codes, went beyond the facts of the case, and are not applicable to the facts of this case; for in this the execution and acknowledgment of the conveyance were complete, but the certificate of the officer was defective.

The facts, as found by the Court below, are that on June

11, 1875, the property in controversy was the separate property of Magdalena Walter—then a married woman, and the wife of Philip Wedel, Sr., and the mother of the plaintiff in this action, Philip Wedel, Jr. That on that day she executed in favor of the plaintiff a conveyance of the property, and acknowledged the execution thereof in every particular, as required by law, before a proper officer; but the officer, in annexing his certificate of acknowledgment to the conveyance, inadvertently and by mistake omitted to certify therein that, upon an examination without the hearing of her husband, he had made her acquainted with the contents of the conveyance. Upon this defective certificate the conveyance itself, completely executed and acknowledged, was recorded, and, after registration, delivered to the donee, who had been, since the commencement of the action, and for more than four years prior thereto, seised and possessed of the premises, and that the defendant Herman had actual notice of the conveyance and transfer of the property before the judgment taken against the grantor in the year 1880, under which and the execution levy and Constable's sale he claims title to it as a subsequent purchaser.

It is contended that these findings are contrary to the evidence; but they are fully sustained by the evidence; and from them it results, as a conclusion of law, that the plaintiff was entitled to have the certificate of acknowledgment corrected; because, as we have seen, the conveyance was valid as between the parties to it and all the world, except *bona fide* subsequent purchasers in good faith without notice. But as the defendant had actual notice, he is not a *bona fide* purchaser entitled to the protection of a Court of equity; therefore the judgment of the Court below is correct.

But it is contended that the Court below erred in overruling objections made to the offer in evidence of the deed to the plaintiff from his father, on the ground that it was not delivered. The deed was produced by the plaintiff. It was a deed from father to son; it showed that it had been duly acknowledged and recorded at the request of the grantor, and these constituted sufficient proof of delivery.

It is next urged that the Court erred in admitting in evidence a deed from Philip Wedel, Sr., the father of the plaint-

iff, to Magdalena, his mother.  But it was admitted that the property belonged to the husband in 1869; and that he married Magdalena, the grantee, in 1873.  The deed itself was executed in 1875; and showed on its face that it was made to the wife for a nominal consideration.  But because it expressed a nominal consideration, it is urged that the premises conveyed by it became community property of the husband and wife.  That is the legal presumption which arises from such a deed executed by a third person to a married woman, but it is a presumption which may be overcome by proof that it was her separate property.  Whether a like presumption prevails in such a deed executed by the husband to the wife is doubtful, under Section 158, Civil Code, because by that section either husband or wife is enabled to enter into any engagement or transaction respecting property which either might if unmarried.  But it is not necessary to determine the question, because the evidence tended to prove, and the Court found, that it was a gift to the wife, and the deed vested the premises in her as her separate property.

The objection that the second cause of action failed to state the appointment of a guardian *ad litem*, etc., was not made to the complaint in the Court below by demurrer or answer. The defect in the complaint was, therefore, waived.  (§ 434, C. C. P.)  When a defendant answers the complaint, and goes to trial upon the issues made by the pleadings in the case, and judgment is rendered against him, he can not, on appeal from the judgment, avail himself of defects in the complaint which might have been reached by special demurrer and corrected in the Court below.  (*Gale* v. *Tuolumne Water Co.*, 14 Cal. 25; *Montifiori* v. *Engels*, 3 id. 434.)

Judgment and order affirmed.

McKINSTRY, J.:

I concur in the judgment.

ROSS, J.:

I, also, concur in the judgment.