[S. F. No. 984.  Department Two.—November 1, 1900.]

## J. C. GALINDO, Respondent, v. PATRICK ROACH, Appellant.

COSTS—AMENDMENT OF MEMORANDUM.—After the expiration of the time limited by section 1033 of the Code of Civil Procedure for serving and filing a memorandum of costs, an amendment of such memorandum cannot be had so as to insert additional items of disbursement, nor can a judgment for such additional items be rendered, in the absence of a showing that the omission was excusable on some of the grounds mentioned in section 473 of that code.

ID.—INSURANCE ON ATTACHED PROPERTY.—Expenditures made by a sheriff for fire insurance premiums on property attached are not proper items of costs.

APPEAL from a judgment of the Superior Court of Contra Costa County, from an order allowing an amendment of a cost-bill, and from an order taxing costs.   Joseph P. Jones, Judge.

The facts are stated in the opinion.

R. H. Latimer, for Appellant.

C. Y. Brown, for Respondent.

GRAY, C.—This action was brought to recover money due for rent under the terms of a lease.  A verdict was returned and a judgment was entered in plaintiff's favor for five hundred dollars and costs on the twenty-first day of January, 1897. A cost-bill was filed by plaintiff on the twenty-fifth day of the same month, claiming costs in an aggregate amount of four hundred and eleven dollars and thirty-nine cents.  On the twentieth day of February, 1897, defendant's motion to tax costs came regularly on for hearing, and after the taking of some testimony was continued to the 24th of the same month, on which last date, after taking further testimony, it was continued to the following day, the 25th.  On said twenty-fifth day of February, 1897, the plaintiff moved the court to be permitted to file an amendment to his memorandum of costs

and disbursements, and against the objection and exception of defendant the court made an order permitting the plaintiff to file an amendment to the cost-bill consisting of a single item as follows: "Sheriff's fees, digging and shipping beets to sugar factory, two hundred and forty-four dollars and five cents." This amendment was duly verified. After taking some further testimony the court made an order taxing the' costs at six hundred and sixty-five dollars and forty-four cents, which sum is the total of the amounts claimed in both the original cost-bill and the amendment thereto. The costs, as taxed, are included in the judgment. The defendant appeals from the judgment, from the order allowing the amendment of the cost-bill, and from the order taxing costs.

The plaintiff was entitled to recover his costs, but to do so it was incumbent upon him to comply with the statute and claim his costs by delivering to the clerk and serving a memorandum thereof within five days after the verdict or notice of decision of the court. (Code Civ. Proc., sec. 1033.) "And a failure to claim such costs, or any item thereof, in the manner required by the statute is deemed to be a waiver of such costs, and precludes a recovery thereof." (*Hotchkiss v. Smith*, 108 Cal. 285; *Chapin v. Broder*, 16 Cal. 403.) "The omission from section 1033 of the Code of Civil Procedure of the clause in section 510 of the practice act, which provided that a failure by the prevailing party to file his memorandum of costs within the time limited should be deemed a waiver of his costs, is not a material circumstance. The code contemplates that such shall be the result, since the only costs which the clerk is authorized to insert are those claimed and 'taxed or ascertained,' in the manner provided." (*Riddell v. Harrell*, 71 Cal. 254, 261; Code Civ. Proc., sec. 1035.)

Plaintiff made no showing for relief under the provisions of section 473 of the Code of Civil Procedure, and whether or not he is entitled to invoke that section at all in a case of this kind, it is clear that he cannot do so without a showing that his failure to claim the item of two hundred and forty-four dollars and five cents within the time allowed by law was ex-

cusable on some ground mentioned in said section.   (*Dow v. Ross,* 90 Cal. 562.)

The items of twenty-five dollars and eighty cents paid by the sheriff to have the hay attached by him insured, and the one dollar and thirty cents interest thereon, were not proper items of costs, and should not have been allowed by the court. As to the other costs contained in the original memorandum filed, there was evidence in support of the items contested warranting the court in ordering them taxed as costs in the case.

The order permitting the filing of the amendment to the memorandum of costs should be reversed, the order taxing costs should be modified by reducing the amount of the costs to three hundred and eighty-four dollars and twenty-nine cents, the judgment should be modified to correspond therewith, and as thus modified the judgment and order taxing costs should stand affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order permitting the filing of the amendment to the memorandum of costs is reversed, the order taxing costs is modified by reducing the amount of the costs to three hundred and eighty-four dollars and twenty-nine cents, the judgment is modified to correspond therewith, and as thus modified the judgment and order taxing costs are affirmed.

Temple, J., Henshaw, J., McFarland, J.