[Sac. No. 1739. In Bank.—March 30, 1910.]

## LEGG & SHAW COMPANY et al., Respondents, v. W. A. WORTHINGTON et al., Appellants.

ATTACHMENT OF MINING PROPERTY—CLAIMS OF LABORERS—PROCEEDS OF SALE—STATUTORY RIGHT—VALID NUNC PRO TUNC ORDER FOR KEEPER'S FEES.—The claims of laborers presented to the sheriff upon the levy of an attachment upon mining property, for preferred payment out of the proceeds of sale, is of purely statutory origin, and there is no trust fund created in their favor in such proceeds, by such presentation, which is not subject to any subsequent lawful order made *nunc pro tunc,* allowing keeper's fees to the sheriff, under the attachment and execution, having a superior right of payment, as costs, out of the proceeds of the sale.

ID.—ORDERS MADE AFTER TIME FOR COST-BILL—NOTICE TO LABORERS—AMENDMENT OF BILL—JURISDICTION—WAIVER OF OBJECTION.—Although the matter of the costs for keeper's fees had no place in the cost-bill, prior to the order of court fixing the allowance therefor *nunc pro tunc* on application of the sheriff, and although the cost-bill was allowed to be amended to insert the allowance after the time had passed for filing a cost-bill, yet where the laborers had notice of both orders, and failed to object thereto, and both have become absolutely final by the lapse of time, the laborers are concluded by both orders, made in furtherance of justice, and the order allowing the amendment to the cost-bill is as effective as if made within the period of the limiting statute.

ID.—INEFFECTIVE APPEAL FROM SUBSEQUENT ORDER DENYING PAYMENT TO LABORERS FROM PROCEEDS.—The allowance for costs for keeper's, fees, and the amendment of the cost-bill having become absolutely final, and such fees having more than exhausted the proceeds of sale, an appeal from a subsequent order refusing to direct payment to the laborers out of the proceeds of the sale, subject only to other costs, which the court had no discretion thereafter to make, is without avail, and the order appealed from being correct, when made, must be affirmed.

ID.—NATURE OF RIGHTS OF APPELLANTS—CONTINGENCY—COSTS.—The right of laborers under section 1206 of the Code of Civil Procedure is a mere privilege, entitling them under certain circumstances to enjoy the fruits of the attachment and sale in preference to the attaching plaintiff, if proceeds of sale beyond costs are realized. They are bound by the orders of the court made upon due notice as to costs, whether they appeared or not.

ID.—ESTOPPEL OF LABORERS.—The laborers, appellants, who are the beneficiaries of a mere statutory privilege, are not given rights which will permit them to wait until such action of the court as would bind the other parties to the suit has become final, and then review the whole case upon an appeal from an order which is merely the logical result of the previous action of the court from which no appeal has been taken.

APPEAL from an order of the Superior Court of Nevada County made after judgment. George L. Jones, Judge.

The facts are stated in the opinion of the court.

Thomas S. Ford, for Appellants.

Nilon & Arbogast, and Fred Searls, for Respondents.

MELVIN, J.—This is an appeal by certain intervening lien claimants from an order made after final judgment.

In November, 1905, Legg & Shaw Company, a corporation, filed a complaint against the Morning Star Gold Mining Company, a corporation, praying judgment for $677.31 on account of goods sold and delivered. Attachment issued on the same day on which the complaint was filed. On December 2, 1905, the sheriff made return of said writ certifying that he had attached certain of the property of the defendant corporation by taking said property into his custody and placing a keeper in charge of it.

On June 8, 1906, judgment for plaintiff by default was entered and on the same day plaintiff filed its cost-bill which included, among other items, $416.00 keeper's fees.

On June 17, 1906, appellants presented their claims in accordance with section 1206 of the Code of Civil Procedure, and on June 18th the property which had been held under attachment was sold at public auction for $295.00.

Thereafter the lien claimants gave notice of a motion to have the sheriff pay over to them the proceeds of the sale minus $15.70 admittedly due the sheriff as costs. This motion coming on regularly to be heard was duly argued on August 6, 1906. It appeared that no order had ever been made by the court allowing the sheriff to have a keeper or fixing the keeper's compensation. It was further shown that the amount paid to the keeper and mentioned in the cost-bill had been advanced by the plaintiff.

On August 13, 1906, the court made an order, which was entered in its minutes, to the effect that the sheriff might be permitted to withdraw his return of sale under the writ of execution for the ·purpose of amendment; and in the mean time plaintiff was to be permitted to move to have the court fix the amount of keeper's fees. To this order the counsel for the preferred creditors duly excepted. The sheriff did not then amend his return, however, and nothing was done either by the plaintiff or by the lien claimants until January 5, 1909, when the preferred creditors gave notice of a motion to set aside the order submitting their motion of August 6, 1906, and to resubmit the said motion, in which théy asked the court to order the payment to them of the money realized from the sale under execution. The hearing of this matter was duly and by consent continued to January 26, 1909.

On January 20, 1909, the sheriff gave notice of a motion to have the court fix the amount of keeper's fees.

On January 26, 1909, both motions were heard and submitted.

On February 15, 1909, the court made a formal order permitting the sheriff to amend his return. It was also ordered, adjudged, and decreed that the compensation of the sheriff for the keeping of and caring for the property under attachment and execution was fixed at $525.00, and that item was allowed as a part of the costs in the judgment for plaintiff.

On February 23, 1909, the sheriff filed his amended return. In this he accounted for a bar of gold bullion valued at $66.38 and omitted from the former return. He also certified that

the sum of \$361.38, the entire amount realized from the sale, plus the value of the bullion, had been applied upon his fees, costs, commissions, and compensation of keeper, leaving unsatisfied not only the judgment but also \$173.32 of the costs.

On March 15, 1909, the court formally denied the motion of the lien-holders that the sheriff be required to pay them the proceeds of the sale, excepting the small amount of costs which they conceded to be payable to the sheriff from that fund. It is from this last order that the present appeal is prosecuted.

Section 1206 of the Code of Civil Procedure as it stood in 1906 was as follows:—

"In cases of execution, attachments, and writs of a similar nature, issued against any person, except for claims for labor done, any miners, mechanics, salesmen, servants, clerks and laborers, or any other person who renders services or performs work, who have claims against the defendant for labor done or work performed may give notice of their claims and the amount thereof, sworn to by the person making the claim, to the creditor and the officer executing either of such writs, at any time before the actual sale of property levied on, or, in the event of a levy upon money, at any time before the transfer of such money under execution; and, unless such claim is disputed by the debtor or a creditor, such officer must pay to such person, out of the proceeds of the sale, or in the event of a levy upon money, out of such money, the amount each is entitled to receive for services rendered within the sixty days next preceding the levy of the writ, not exceeding one hundred dollars. If any or all of the claims so presented and claiming preference under this section are disputed by either the debtor or a creditor, the person presenting the same must commence an action within ten days for the recovery thereof, and must prosecute his action with due diligence, or be forever barred from any claim or priority of payment thereof; and the officer shall retain possession of so much of the proceeds of the sale or money as may be necessary to satisfy such claim until the determination of such action; and in case judgment be had for the claim, or any part thereof, carrying costs, the costs taxable therein shall likewise be a preferred claim with the same rank as the original claim."

Appellant's first contention is that inasmuch as the keeper's fees can only properly be due after allowance by the court and as no such order of court was made prior to the filing of their claims, therefore the money in the sheriff's hands when their demands were made, in accordance with the provisions of section 1206 of the Code of Civil Procedure, became subject to their liens and could not thereafter be exhausted by a *nunc pro tunc* order of court made long subsequent to the intervention of appellants, whereby the compensation to be paid the keeper was sought to be fixed. We think this position is untenable because the rights of appellants are purely of statutory origin and there could therefore be no trust fund created in the hands of the sheriff in this action which could not be subjected to any lawful order of the court with reference to fees. But we are cited to *Galindo* v. *Roach*, 130 Cal. 389, [62 Pac. 597], as holding that a cost-bill cannot be amended after the time limited by section 1033 of the Code of Civil Procedure, and that no additional items may be adjudged due after the passing of the period set by section 473 of the Code of Civil Procedure. Respondents admit that the item of $416.00 due to the keeper, which was included in the sheriff's first return, had no place there until after the court had fixed the amount of such fees. (Stats. 1889, p. 269.) But they point to the fact that in *Galindo* v. *Roach*, 130 Cal. 389, [62 Pac. 597], there was objection to the correction of the cost-bill, while here no opposition was made to the court's permitting an amendment to the sheriff's return on the writ and to a similar change in the cost-bill. The court having jurisdiction to amend its process in furtherance of justice, and no opposition being made to such amendment by those having notice and being entitled to object, the order of the court is as effective as if made within the period of the limiting statute.

But appellants deny the court's jurisdiction to amend the cost-bill on the ground that this was not done in the attachment proceeding. The answer to this contention is that the sheriff did act under the attachment proceeding and served due notice upon the attorneys for the appellants, as well as upon those who represented plaintiff (defendant being in default), and when the matter was regularly heard all interested counsel were present and participated. No appeal has been

taken from the order fixing the amount of the keeper's compensation and it has become final.

But the appellants argue that if the court had jurisdiction to make the order allowing the keeper's fees after the expiration of six months there was an abuse of discretion in the present case. Respondents' answer to this is that no appeal was taken from that order and that the order from which an appeal was taken does not involve the exercise of discretion. We think this position is correct. The order fixing the amount of the keeper's compensation having become final, the refusal of the court to order the payment to the interveners of the proceeds of the sale follows as a matter of course and the latter is the only order involved in this appeal. The entire argument of the appellants seems to be based on the theory that by serving the notices prescribed in section 1206 of the Code of Civil Procedure their rights attached to the property in the sheriff's hands and upon sale, to the fund realized therefrom. But their right under section 1206 of the Code of Civil Procedure is a mere priority entitling them, under certain circumstances, to enjoy the fruits of the attachment and sale in preference to the plaintiff. They are treated as interveners and surely they would have no superior rights to those of the plaintiffs except that of the first recourse to the moneys realized from the sale. If they had not appealed at all the plaintiffs could not complain of the proceedings taken after due notice and without objection in correction of the sheriff's return and in amendment of the bill of costs. Surely these appellants, who are the beneficiaries of a special statutory privilege which must be strictly followed, are not given rights which will permit them to wait until such action of the court as would bind the other parties to the suit becomes final and then review the whole case upon an appeal from an order which is merely the logical result of the previous action of the court from which no appeal has been taken.

The order of the superior court from which this appeal was taken was proper and it is therefore affirmed.

Lorigan, J., Henshaw, J., Angellotti, J., Shaw, J., and Sloss, J., concurred.

Rehearing denied.