BELAVAL ET AL. v. THE FAJARDO SUGAR GROWERS' ASSOCIATION.

APPEAL from the District Court of San Juan, Section 2.

No. 817.—Decided June 4, 1912.

COSTS—AMENDMENT OF OATH TO BILL OF COSTS—DISCRETION OF COURT—AP-
PEAL.—Permission to amend the oath to a bill of costs rests exclusively in the
discretion of the trial court and unless an abuse of this discretion is shown, re-
sulting in an injustice to the injured party, the ruling of the court below will
not be reversed on appeal..

ID.—NOTICE OF AMENDMENT—INJURY TO ADVERSE PARTY.—In the case at bar
the trial court allowed the amendment of the oath to the memorandum of
costs to the effect that the notary who administered the oath was personally
acquainted with the person sworn. Notice of said amendment was not served
upon the adverse party. It was held that the requirement to give notice to
he adverse party depends upon the nature and circumstances of each case,
and in order that the failure to give notice may be ground for the reversal
of the order appealed from it is necessary that the party complaining of the
failure to give notice show that he has suffered injury thereby, a fact which
has not been proven in this case, nor has it been proven that such notice was
necessary.

The facts are stated in the opinion.

Messrs. *Horacio S. Belaval* and *Eduardo Acuña* for ap-
pellants.

*Mr. Luis Muñoz Morales* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This appeal is from the approval of a bill of costs, includ-
ing an allowance of $200 for attorney's fees. The facts may
be briefly stated as follows:

The appellants, Belaval and Vizcarrondo, for themselves,
and in the names of their respective wives, brought a suit in
the District Court of San Juan against the Fajardo Sugar
Growers' Association, claiming the payment of $10,000 on
account of an instalment of rent for the plantation called
"Aurora," in the municipal district of Fajardo.

The defendant interposed a demurrer to this complaint,
alleging that it did not set forth facts sufficient to constitute
a cause of action. The demurrer being sustained, judgment

was rendered in favor of the defendant in November, 1910, imposing costs on the plaintiffs, and from this judgment an appeal was taken and the same was affirmed by the Supreme Court of Porto Rico.

Afterwards, in due time, the defendant presented a memorandum of the costs amounting to $300.70, attorney's fees and secretary's costs. This memorandum of costs was sworn to before the notary by the attorney for the defendant, and the affidavit thereto failed to state that the notary was personally acquainted with the lawyer who made the oath.

The plaintiff in due time presented an objection to this memorandum of the costs, alleging: First, that the judgment was not final because an appeal had been taken therefrom; and, second, that the amount of $300, included as attorney's fees, was excessive.

After the confirmation of the judgment by the Supreme Court this objection to the memorandum of costs was discussed, and in the argument the plaintiff's counsel alleged that the affidavit thereto was a nullity. The district court granted permission to amend the affidavit, and it was, consequently, amended by the notary himself, who took it by means of a declaration sworn to before the secretary of the district court, in which the notary affirmed that when he prepared the affidavit to the said memorandum of costs he was personally acquainted with the lawyer who subscribed thereto. There was no variation made in the affidavit of the lawyer, nor in the bill of costs.

The appellants base their appeal on four specifications of error, which may be set out literally as follows:

First. The inferior court committed a grave error in granting permission to amend the notarial certificate to the oath in its order of November 21, 1911, which is one of those appealed from in this case, the same being contrary to the law and the jurisprudence applicable.

Second. The inferior court committed an equally serious error in admitting the amendment of the notarial certificate

to the oath in the form which put it into effect and by the person who executed it.

Third. The inferior court likewise committed error in permitting the amendment without granting a reasonable time to the plaintiffs to allege what was convenient to their rights.

Fourth. And, lastly, the inferior court also committed an error in granting to the lawyer of the defendant $200 as fees in its order of December 28, 1911, which is the other one appealed from, the same not being sustained by the proof.

The principal question raised by this assignment of errors relates to the amendment of the affidavit to the memorandum of costs presented by the defendant. It will be observed that the amendment made by the notary, with the permission of the court, to the jurat did not affect the merits of the case in any way, but was only a matter of form, stating that the notary was personally acquainted with the affiant, in order to comply with the requirements of the statute.

The making of such amendments is a matter confided exclusively to the discretion of the trial court; and, unless an abuse of this legal discretion is shown resulting in an injustice to the party complaining of it, the ruling of the court below will not be disturbed. *Palmer & Rey* v. *Barclay,* 92 Cal., 201; *Burns* v. *Superior Court,* 140 Cal., 5; *Gorba* v. *Dobner,* 90 Cal., 338.

Our statute—section 140 of the Code of Civil Procedure— authorizes the making of amendments, in furtherance of justice, not only in pleadings but in *proceedings,* by correcting mistakes. Whether notice to the adverse party is necessary must depend upon the nature of the matter and the surrounding circumstances, and a party complaining of the want of notice must show some prejudice suffered thereby. In this case it is plain that no such notice was necessary, and the want of it was not in any way harmful to the appellants.

It may be noted that section 68 of the California Practice Act is identical with section 473 of the Code of Civil Procedure of that State, which is reproduced in our Code of Civil Pro-

cedure as section 140. Then, of course, the California cases cited in reference to the interpretation to be put upon the said section are peculiarly · applicable. See *Palace Hotel Co.* v. *Smith,* 134 Cal., 381; *Melde* v. *Reynolds,* 129 Cal., 308; *Roland* v. *Kreyenhagen,* 18 Cal., 455; *Brackett* v. *Banegas,* 99 Cal., 625.

The cases of *Galindo* v. *Roach,* 130 Cal., 389, and *Widel* v. *Herman,* 59 Cal., 507, cited by appellants, not being on similar facts, are not applicable to the case before us. The amendment of this affidavit, in the particular wherein it was defective, was perfectly in accordance with the general American practice, and was in furtherance of justice and properly made. 2 Cyc., 31 and 34, and cases there cited.

As to the fourth error assigned, that the amount of the fees allowed, in the sum of $200, was. not sustained by the proof, we are convinced that the same is not well taken. There is evidence to sustain the allowance and from the record we are satisfied that it was reasonable.

Then we are justified in affirming the order made by the trial court in approving this bill of costs.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.