BELAVAL ET AL. *v.* THE FAJARDO SUGAR GROWERS' ASSOCIATION.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 817.—Resuelto en junio 4, 1912.

COSTAS—ENMIENDA DEL JURAMENTO DEL MEMORANDUM DE COSTAS—DISCRECIÓN DEL TRIBUNAL.—El permitir enmendar el juramento de un *memorandum* de costas descansa exclusivamente en la discreción del tribunal sentenciador, y a menos que se demuestre que ha abusado de esa facultad con injusticia para la parte perjudicada, la resolución concediendo la enmienda no será revocada en apelación.

ID.—ENMIENDAS—NOTIFICACIÓN A LA PARTE CONTRARIA—PERJUICIO.—En el caso de autos el tribunal sentenciador permitió que se enmendara el juramento del *memorandum* de costas en el sentido de que el notario que tomó el juramento expresara que conocía personalmente al que lo prestó. Dicha enmienda no fué notificada a la parte contraria. *Se resolvió* que la necesidad de notificar a la parte contraria depende de la naturaleza y circunstancias de cada caso, y para que la falta de notificación sea motivo de revocación de la orden apelada es necesario que la parte que se queja de la falta de notificación demuestre que ha sufrido perjuicio alguno por ese motivo, lo cual no se ha justificado en el caso de autos, como tampoco que fuera necesaria tal notificación.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Horacio S. Belaval y Eduardo Acuña.*

Abogado de los apelados: *Sr. Luis Muñoz Morales.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La apelación en este caso se ha interpuesto contra la resolución de la corte inferior aprobando un memorandum de costas, en el que se incluye una partida de $200 por honorarios de abogados. Los hechos pueden brevemente referirse como sigue:

Los apelantes, Belaval y Vizcarrondo, por su propio derecho y en representación de sus respectivas esposas entablaron un pleito en la Corte de Distrito de San Juan, contra la Fajardo Sugar Growers' Association, reclamando el pago de la suma de $10,000 correspondiente a un plazo del canon de la finca denominada "Aurora" situada en la jurisdicción de Fajardo.

La demandada formuló excepción previa a dicha demanda alegando que la demanda no exponía hechos suficientes para determinar una causa de acción. Habiendo sido declarada con lugar dicha excepción previa, se dictó sentencia a favor de la demandada en noviembre de 1910 imponiendo las costas a los demandantes, contra cuya sentencia se interpuso recurso de apelación y fué confirmada por la Corte Suprema de Puerto Rico. Posteriormente la demandada oportunamente presentó un memorandum de costas ascendente a la suma de $300.70 por honorarios de abogados y costas de secretaría. Este memorandum de costas fué jurado ante notario por el abogado de la demandada, y la declaración jurada que acompañaba al mismo dejaba de especificar que el notario conociera personalmente al abogado que hizo el juramento.

El demandante formuló a su debido tiempo su excepción previa a este memorandum de costas, alegando en primer término, que la sentencia no era definitiva por haberse interpuesto recurso de apelación contra la misma; y en segundo lugar, que la suma de $300 que se había incluído como honorarios de abogados era excesiva.

Después de confirmarse la sentencia por la Corte Suprema se discutió esta objeción que se formuló al memorandum de costas y al celebrarse la vista el abogado del demandante alegó, que la declaración jurada que acompañaba a dicho

memorandum era nula.   La corte de distrito concedió permiso para enmendar la declaración jurada, la que fué por consiguiente enmendada por el mismo notario ante quien se prestó, mediante una declaración jurada ante el secretario de la corte de distrito, en la que el notario afirmó que cuando preparó la declaración jurada para dicho memorandum de costas él conocía personalmente al abogado que la firmó.   No existe variación alguna en la declaración jurada del abogado ni tampoco en el memorandum de costas.

Los apelantes fundan su apelación en cuatro señalamientos de error, los cuales pueden copiarse literalmente como sigue:

1º. La corte inferior cometió un grave error al conceder permiso para enmendar la certificación hecha por el notario al juramento, en su resolución de 21 de noviembre de 1911, siendo dicha resolución una de aquellas contra las cuales se ha interpuesto recurso de apelación, en el presente caso, por ser contraria a la ley y a la jurisprudencia aplicable al mismo.

2º. La corte inferior cometió asimismo un grave error al admitir las enmiendas hechas a la certificación del notario con respecto al juramento en la forma en que realmente se llevó a cabo y por la persona que lo hizo.

3º. La corte inferior igualmente cometió error al permitir la enmienda sin conceder un tiempo razonable a los demandantes para que alegaran lo que fuera conveniente a sus derechos.

4. Y finalmente, la corte inferior también cometió un error en conceder al abogado de la demandada la suma de $200 como honorarios en su resolución de 28 de diciembre de 1911, que es la otra contra la cual se ha interpuesto apelación por no estar la misma sostenida por la prueba.

La cuestión principal promovida en estos señalamientos de error se refiere a la enmienda hecha a la declaración jurada contenida en el memorandum de costas que presentó la demandada.   Debe notarse que la enmienda hecha por el notario, con permiso de la corte al juramento, no afectaba los méritos del caso en manera alguna, pues sólo se refería a la

forma en que se expresaba que el notario conocía personalmente al declarante para cumplir con los requisitos del estatuto.

La cuestión referente a la concesión de tales enmiendas está encomendada exclusivamente a la discreción de la corte sentenciadora, y a no ser que se demuestre que ha habido abuso de esta discreción legal del que resulte una injusticia para la parte que se queje del mismo, la resolución de la corte sentenciadora no será modificada. (*Palmer & Rey* v. *Barclay,* 92 Cal., 201; *Burns* v. *Superior Court* 140 Cal., 5; *Gorba* v. *Dobner,* 90 Cal., 338.)

Nuestro estatuto—artículo 140 del Código de Enjuiciamiento Civil—autoriza la concesión de enmiendas en bien de la justicia, no solamente en las alegaciones sino en los *procedimientos,* corrigiéndose los errores. La cuestión relativa a si es necesario notificarse a la parte contraria depende de la naturaleza del asunto y de las circunstancias que rodean al mismo; y la parte que alegue que no se le ha hecho tal notificación debe probar que se le ha ocasionado algún perjuicio por tal motivo. En este caso resulta claro que tal notificación no era necesaria y el hecho de que no se hiciera no fué en manera alguna perjudicial a los apelantes.

Debe observarse que el artículo 68 de la Ley de Práctica de California es idéntico al artículo 473 del Código de Enjuiciamiento Civil de ese Estado, el cual ha sido reproducido en nuestro Código de Enjuiciamiento Civil en el artículo 140. Por consiguiente los casos de California que han sido citados con respecto a la interpretación que ha de darse a dicho artículo son de singular aplicación. (Véanse los casos de *Palace Hotel Co.* v. *Smith,* 134 Cal., 381; *Melde* v. *Reynolds,* 129 Cal., 308; *Roland* v. *Kreyenhagen,* 18 Cal., 455; *Brackett* v. *Banegas,* 99 Cal., 625.)

Los casos de *Galindo* v. *Roach,* 130 Cal., 389, y *Widel* v. *Herman,* 59 Cal., 507, que han sido citados por los apelantes y en los que los hechos no son semejantes, no son de aplicación al caso de autos. La enmienda de este *affidavit* en el

particular donde aparecía el defecto, estaba perfectamente de acuerdo con la práctica general americana y se hizo en bien de la justicia y en debida forma.    (2 Cyc., 31 y 34, y casos allí citados.)

Y en cuanto al cuarto error alegado, que la suma de honorarios que se concedieron, o sea la de $200 no estaba justificada por la prueba, estamos convencidos de que dicho error no fué debidamente tomado.    Existe prueba para que se declare con lugar la concesión hecha, y según los autos tenemos motivos para creer que es razonable.

Por tanto hay razones suficientes para confirmar la sentencia dictada por la corte sentenciadora al aprobar este memorandum de costas.

*Confirmada.*

Jueces concurrentes: Sres. Presidente. Hernández y Asociados Wolf, del Toro y Aldrey.