[Civ. No. 11777. First Dist., Div. Two. Feb. 26, 1942.]

J. A. STEELE, Appellant, v. INTERNATIONAL AIR RACE ASSOCIATION OF AMERICA (a Corporation), Defendant; H. C. CARRASCO, as State Labor Commissioner, etc., Intervener and Respondent.

L. L. Steele and John Jewett Earle for Appellant.

Fred G. Goldsworthy and Olney L. Huff for Respondent.

SPENCE, J.—This is an appeal by plaintiff from a judgment and an amended judgment entered in favor of the intervener in proceedings had under sections 1206 to 1208 of the Code of Civil Procedure.

The intervener was the assignee of sixty-four labor claims and said intervener sought to establish the right of priority for said assigned claims under the provisions of the sections above mentioned.

Section 1206 of the Code of Civil Procedure provides for such priority where the work has been performed for the defendant ''within ninety days prior to the levy'' of the ''attachment, garnishment or execution.'' The right to priority is purely statutory (*Legg & Shaw Co.* v. *Worthington,* 157 Cal. 488 [108 Pac. 284] ; 11 Cal. Jur. 94) and may not be extended to claims other than those specified.

Plaintiff urges several contentions on this appeal but we may confine this discussion to the contention that the evidence was insufficient to sustain the material findings of the trial court. The trial court found ''that attachment was levied by J. A. Steele, plaintiff herein, upon defendant International Air Race Association of America''; that the sum of $1,550.30 was seized upon said levy ; and that the intervener's assignors performed work for said defendant ''within ninety days of the date of the levy of the said attachment.'' The findings do not set forth the date of the alleged levy or the dates when the alleged work was performed.

There is no evidence whatever in the record to show that the work was performed for defendant within ninety days prior to the levy of any attachment, garnishment or execution upon the money in question. We may assume, without deciding, that there was sufficient evidence to sustain the finding

that the work was performed for defendant rather than for an independent contractor as claimed by plaintiff. All of the work was performed during the month of May, 1938. This action was commenced on June 2, 1938, but there is nothing to show that any levy was made upon the money in question until February 28, 1939, when the levy was made under a writ of execution. It is apparent that the work was not performed within ninety days prior to said levy.

The record shows that a writ of attachment was issued on June 2, 1938, and that plaintiff attempted to garnish any money of defendant held by the Central Bank of Oakland. It is conceded by the intervener that "nothing was attached under this levy." The intervener apparently claims that another writ of attachment was issued on June 6, 1938, and that a levy was then made under the last mentioned writ upon certain money of defendant which was then held under attachment in another action, which money was subsequently levied upon under execution in this action on February 28, 1939, after the release of the attachment in the other action. There is nothing in the record, however, to support this claim. Plaintiff claims that no such writ of attachment was issued and that no such levy was made thereunder and has offered to stipulate that the alleged writ of attachment and the return thereon, if any exist, may be sent up to this court for consideration. The intervener has not accepted said stipulation. In the absence of any showing in the record that the work was performed within ninety days prior to the levy upon the money in question, the granting of the statutory priority to the intervener cannot be sustained.

The judgment of October 25, 1940, and the amended judgment of December 18, 1940, are reversed.

Nourse, P. J., and Sturtevant, J., concurred.