[Civ. No. 731.   Fifth Dist.   Aug. 24, 1967.]

AMERICAN MACHINE & FOUNDRY COMPANY, Plaintiff and Respondent, v. GOLDEN STATE LANES, INC., Defendant; DIVISION OF LABOR LAW ENFORCEMENT, Third Party Claimant and Appellant.

Marilyn Shinderman, Gerald Friedman, Gerry L. Fellman and Arthur Stahl for Third Party Claimant and Appellant.

Mack, Bianco & Means and William A. Stone for Plaintiff and Respondent.

No appearance for Defendant.

GARGANO, J.—Respondent, American Machine & Foundry Company, hereinafter referred to as plaintiff, filed an action in the Superior Court of Kern County against Golden State Lanes, Inc., a corporation, hereinafter referred to as defendant, and attached certain funds belonging to the defendant. Thereafter, appellant, the Division of Labor Law Enforcement of the State of California, hereinafter referred to as petitioner, as the assignee of several labor claims against the defendant, filed a ''preferred claim'' pursuant to Code of Civil Procedure sections 1206-1208 with the constable, who was holding the defendant's money under attachment. Plaintiff denied the claim on the ground that petitioner's assignors had been paid in full for all labor and services rendered, and for the further reason that the labor claims were false. Petitioner then petitioned the superior court to determine the priority of its assigned claims over plaintiff's attachment, and the petition was set for hearing by the court. In its petition petitioner described the assigned labor claims as follows:

| Name and Occupation of Claimant | Dates Worked | Amount Due |
|---|---|---|
| Clyde A. Beckham, Desk Man | 2-1/65-4-3/66 | $ 221.20 |
| Leva Brasher, Attendant | 6-6/65-4-8/66 | 63.33 |
| Carolyn S. Berry, Bookkeeper | 9-19/65-4-8/66 | 200.00 |
| George A. Berry, Manager | 8-1/65-4-8/66 | 200.00 |
| Laveta M. Christy, Cook | 2-23/65-4-7/66 | 120.00 |
| Betty Davis, Cocktail Waitress | 3-1/64-4-7/66 | 180.00 |
| William L. Hinzo, A-Mechanic | 7-11/65-4-8/66 | 93.00 |
| Donald H. Kirkpatrick, Alleyman | 3-8/65-4-8/66 | 126.93 |

| Name and Occupation of Claimant | Dates Worked | Amount Due |
|---|---|---|
| Frank J. Maitia, Jr., Asst. Manager | 5-2/65-4-8/66 | 173.81 |
| L.V. Mulkey, Night Manager | 7-7/65-4-8/66 | 142.20 |
| Gene P. Tyerman, Bartender | 4-1/65-4-7/66 | 300.00 |
| James P. Tyerman, Alley Boy | 9-11/65-4-2/66 | 23.75 |

$ 1,844.22

At the conclusion of the hearing the petition was denied by the superior court, and when petitioner's motion for reconsideration was also denied this appeal followed.

It is undisputed that Code of Civil Procedure section 1206 allows a priority to the employees, of a defendant whose funds have been levied against, for labor performed or for services rendered to the defendant within 90 days prior to the levy. It is also undisputed that the claims, which were assigned to petitioner by defendant's employees, are for vacation pay earned or accumulated by the assignors during the periods specified in Exhibit "A" of the petition. Thus, we must first decide whether a claim for vacation pay has priority status under section 1206, for it is settled that the right to priority is purely statutory and may not be extended to claims other than those specified in the section (*Legg & Shaw Co.* v. *Worthington,* 157 Cal. 488 [108 P. 284]).

It is generally conceded that vacations with pay are fringe benefits (and an essential part of an attractive salary plan) which are provided by the employer to the employee to insure efficient future service and as a reward for past service. Hence, it is manifest that vacation pay is not a gratuity (*Pohle* v. *Christian,* 21 Cal.2d 83 [130 P.2d 417]; *Clark* v. *State Personnel Board,* 56 Cal.App.2d 499 [133 P.2d 11]; *Verry* v. *Eckel,* 61 Cal.App.2d 595 [143 P.2d 394]). Rather, it is a part of the overall compensation for the employee's labor and is usually dependent upon a minimum period of satisfactory service (*Tracy* v. *Contractors' State License Board,* 63 Cal.2d 598 [47 Cal.Rptr. 561, 407 P.2d 865]). For example, vacations with pay for public employees have long been recognized as an integral part of the overall compensation plan for

services rendered, and have never been considered gifts of public funds in violation of constitutional restrictions. Accordingly, we see no valid reason for distinguishing between vacation pay and any other form of compensation for work performed or services rendered under section 1206, and we conclude that a claim for such pay is entitled to the preferred status provided by the section if the claim meets the remaining requirements thereof.

It is our belief, however, that petitioner cannot prevail in this appeal. As we have previously indicated, section 1206 allows the priority only to claims for work performed for the defendant within 90 days prior to the levy of the attachment, garnishment or execution. As we have also previously indicated, the right to priority is purely statutory and may not be extended to claims other than those specified. Consequently, if vacation pay is to be treated as any other form of compensation for labor performed it necessarily follows that it is subject to the same limitations.

Petitioner failed to show that the assigned claims for vacation pay were for vacations earned or accumulated for services performed within 90 days prior to the levy of plaintiff's writ of attachment. To the contrary, its petition (Exhibit ''A'') and the only evidence which it offered in support thereof unequivocally indicate that as to each claim the vacation had been earned for services extending substantially beyond the 90-day limitation.[1] Thus, petitioner not only failed to meet its burden of proof on this essential issue, but its petition and the only evidence it offered precludes recovery. As stated in *Steele* v. *International Air Race Assn.*, 50 Cal.App.2d 176, 178 [122 P.2d 593] : ''In the absence of any showing in the record that the work was performed within ninety days prior to the levy upon the money in question, the granting of the statutory priority to the intervener cannot be sustained.''

Petitioner, relying on several bankruptcy cases,[2] contends

---

[1] According to the record, petitioner offered no evidence except the declaration of Carolyn S. Berry, the employee in charge of defendant's payroll records. Miss Berry simply declared that petitioner's assignors had worked for the defendant during the periods set forth in petitioner's Exhibit ''A,'' and that the sums set forth therein after each name had not been paid.

[2] See *In re Kinney Aluminum Co.*, 78 F.Supp. 565; *Division of Labor Law Enforcement* v. *Sampsell*, 172 F.2d 400; and *In re Men's Clothing Code Authority*, 71 F.Supp. 469, which allowed priority wage status to vacation pay for that period of vacation pay earned during the 90 days prior to the date of filing the petition in bankruptcy.

that the trial court should have at least prorated the assigned claims and allowed priority on a prorated basis for the 90-day period prior to the levy of plaintiff's writ of attachment. Significantly, however, the only argument which petitioner made to the trial court was that claims for vacation pay are preferred claims under section 1206, and apparently petitioner insisted that it was entitled to priority for the entire amount of each assigned claim. Hence, petitioner's argument for a prorated allowance is made for the first time on appeal. ██ It is the rule that a party cannot raise a new point for the first time on appeal (*Miller* v. *Bay Cities Water Co.*, 157 Cal. 256 [107 P. 115, 27 L.R.A. N.S. 772]).

██ Moreover, petitioner offered no evidence of any kind which would have enabled the trial court to prorate its assigned claims with any degree of certainty. It is common knowledge that vacation privileges are not uniform throughout the state. For example, under some salary plans the employee is entitled to annual vacations of one, two or three weeks, depending on the length of service. In others, the employee earns one day per month after a specified period of service and is entitled to compensation at this rate in the event of termination. In still others, special formulas are used to calculate the compensation payable to employees for accrued vacation pay in the event of termination. Thus, it is manifest that any attempt on the part of the trial court to prorate the vacation pay on a blind 90-day basis (even if it had been requested to do so by petitioner) would have involved sheer speculation and conceivably could have resulted in overpayment on some of the claims and under payment on others. Although we are sympathetic to petitioner's position, the state of the record leaves us no alternative but to reject its contention.

Petitioner's argument that it is entitled to priority for vacations which accumulated after the levy of plaintiff's writ of attachment is also without merit, primarily for the reasons which we have discussed.

The judgment is affirmed.

Conley, P. J., concurred.

Stone, J., deeming himself disqualified, did not participate.