[L. A. No. 28.   Department Two.—March 2, 1896.]

## GEORGE H. DEACON, RESPONDENT, v. H. A. BLODGET, APPELLANT.

CONTRACTS—CONSTRUCTION—CONDITIONS PRECEDENT. — Stipulations in a contract are not to be construed as conditions precedent, unless that construction is made necessary by the terms of the contract.

ID.—PROMISE TO PAY MONEY—MATURITY OF OBLIGATION—AGENCY OF PAYEE FOR SALE OF LAND—PLEADING.—A instrument in writing, promising to pay a specified sum of money not later than one year after date, and agreeing that the sum is to be sooner paid if realized from the sale of land placed by the maker in the hands of the payee for the term of one year at a minimum price per acre, the payee to receive a commission of five per cent on the sales and to use diligent effort to ob-

tain the best price possible, is not to be construed as making the sale of the land a condition precedent to the payment of the money; and a complaint counting upon the promise to pay the money, filed in an action commenced more than one year after date of the instrument, need not allege diligent effort to sell the land before the expiration of the year.

ID.—OBLIGATION TO USE DILIGENCE—CONSTRUCTION OF CONTRACT.—The only connection or dependence between the agreement to pay the money and that respecting the sale is that the accomplishment of the sale would entitle the payee to an earlier payment of the money; and the obligation to use diligence relates entirely to the contract respecting the sale, and not to the contract for the payment of the money.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. A. R. CONKLIN, Judge.

The facts are stated in the opinion.

*T. W. Lockhart,* and *C. E. Arnold,* for Appellant.

The obligation to use diligence to sell the land within a year was a condition precedent and must be shown by the complaint to have been performed.) Code Civ. Proc., sec. 457; *Cowan* v. *Phenix Ins. Co.,* 78 Cal. 181; *Barron* v. *Frink,* 30 Cal. 489.) If the finding that appellant's obligation to pay eight hundred and thirty-five dollars was not dependent on the sale be true, the instrument casts no obligation upon plaintiff at all. (*Manly* v. *Howlett,* 55 Cal. 96; *Sloss* v. *Allman,* 64 Cal. 48.) Relief must not necessarily be denied because there is a conflict of testimony. (*Sullivan* v. *Moorhead,* 99 Cal. 161; *Wilson* v. *Moriarty,* 88 Cal. 211; *Higgins* v. *Parsons,* 65 Cal. 280; *Cleghorn* v. *Zumwalt,* 83 Cal. 156; *Ward* v. *Waterman,* 85 Cal. 503.)

*C. C. Cowgill,* and *J. W. Wiley,* for Respondent.

As it is clear from the instrument that the eight hundred and thirty-five dollars should be paid in one year without regard to the sale of the land, no averment was necessary that the promise had been fulfilled. (3 Am. & Eng. Ency. of Law, 909.)

BRITT, C.—Plaintiff recovered judgment for the sum of eight hundred and thirty-five dollars and legal inter-

est thereon from November 23, 1893, found by the court to be due to him from defendant upon the following written instrument:

" I hereby promise to pay George H. Deacon, not later than one year after date, the sum of eight hundred and thirty-five dollars; said sum to be sooner paid if realized from the sale of the southwest quarter of the southeast quarter of section six, township thirty-one S., range twenty-nine east, which said tract of land I hereby place in the hands of said Deacon exclusively for the said term of one year, for sale at a minimum price of forty-five dollars per acre. Said Deacon to receive a commission on said sale of five per cent. Said Deacon to use diligent effort to obtain the best price possible in excess of said price of forty-five dollars per acre.

Nov. 23, 1892.                    H. A. Blodget."

The complaint—filed March 21, 1894—set out a copy of said instrument, and alleged its execution by defendant, and that no part of said sum of eight hundred and thirty-five dollars has been paid, but contained no averment that plaintiff had sold or endeavored to sell the land therein described. Defendant contends that the pleading was insufficient; that the contract imposed on plaintiff the obligation to use diligent effort to sell the land before the expiration of one year at forty-five dollars per acre or more, and that he should have alleged such effort in the complaint. This is so if such endeavor on the part of plaintiff is a condition precedent to the duty of defendant to pay said sum of eight hundred and thirty-five dollars, but we think it clearly is not such a condition. Stipulations in a contract are not construed as conditions precedent, unless that construction is made necessary by the terms of the contract. (*Front Street etc. R. R. Co.* v. *Butler*, 50 Cal. 577.) The instrument sued on contains two engagements on the part of defendant: one to pay plaintiff the sum of eight hundred and thirty-five dollars not later than one year from date; the other authorizing plaintiff to sell the land described; and the only connection or dependence between

them is that the accomplishment of a sale in virtue of the latter would entitle the plaintiff to earlier performance of the former; plaintiff's obligation to use diligence relates entirely to the second contract and not to the first.

One or two other points are made, but they are unimportant; we find no error in the record available to appellant. The judgment and order should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

TEMPLE, J., McFARLAND, J., HENSHAW, J.