## SCHWEIKERT v. SEAVEY.

S. F. No. 1636; October 30, 1900.

62 Pac. 600.

Appeal—Conflicting Evidence.—Where the Trial Court Finds for defendant on conflicting evidence, such finding will not be disturbed on appeal, though the evidence would have justified a verdict for plaintiff.

Lease—Extension.—Plaintiff Leased Land to Defendant for a certain period, before the expiration of which plaintiff told defendant that he could have the land for another like period, the defendant agreeing to cut plaintiff's crops as a part consideration for the extension; and subsequently plaintiff said that he would not go back

on his word, and that, as the ground was low, and not in shape for planting, defendant "could summer-fallow it." Part only of the land was summer-fallowed by defendant before the expiration of the original lease. Held, that the summer-fallowing of the ground was not a condition precedent to the extension of the lease, since it was a mere suggestion by plaintiff, and a matter of no concern to him, since he was not to be paid a crop rental.[1]

Lease—Rescission or Repudiation.—Civil Code, Section 1689, provides that contracts may be rescinded only in cases where the consent of the party rescinding is obtained by fraud, duress or undue influence; or failure of consideration through fault of party as to whom the contract is rescinded; or on such consideration becoming entirely void from any cause; or if the consideration, before it is rendered, fails in a material respect; or by consent of all the parties. Section 1691 declares that the rescinding party must restore or offer to restore the value he has received under the contract. Plaintiff leased certain land to defendant for a certain period, before the expiration of which he told defendant he might have it for another like period, and subsequently acknowledged to plaintiff that he told him he might have the land, but that his word was worthless, and that he could not have it. Held, that this did not amount to a rescission of the contract, but was a mere repudiation.

Unlawful Detainer.—Where, in an Action for Unlawful detainer of land, defendant answers that he holds over under an oral agreement by which he was to do certain work as part consideration for extension of the lease, the value of which was to be applied to the second year's rental, there is no prejudicial error in overruling an objection to the question, "Have you been paid for this work?" asked of defendant by his counsel, though it is not within any issue.

Unlawful Detainer.—In an Action for Unlawful Detainer of Land, defendant answered that he held over under an oral agreement entered into before the expiration of the original period, by the terms of which he was to hold for another like period; and he was asked whether he held the premises at that time under the original lease or the subsequent agreement. Held, that, though the question asked for a conclusion rather than a fact, error in admitting it was harmless, since it was evident that defendant claimed to hold under the verbal agreement.

Unlawful Detainer.—Where Plaintiff in an Action for Unlawful detainer alleges that the term for which the lands were demised had expired, which allegation is denied, but the real issue is whether the lease had not been extended, in the absence of a showing or a plain inference that a failure to find on the allegation of the termination of the lease was injurious, such action will not be reversed on appeal.

Unlawful Detainer.—Where Defendant in an Action for Unlawful detainer answers that he held over under an oral agreement by

---

[1] Cited in the note in 120 Am. St. Rep. 59, on unlawful detainer.

which he was to do certain work for plaintiff as a part consideration for the renewal of the lease, which work he had performed, and which was of a certain value, failure to find the value of the work is not error, since the action was not for an adjustment of mutual accounts, and hence the value of the work was immaterial.

APPEAL from Superior Court, Lake County; R. W. Crump, Judge.

Action by Albert Schweikert against F. H. Seavey. From a judgment in favor of the defendant and from an order denying a new trial plaintiff appeals. Affirmed.

M. S. Sayre for appellant; Dan Jones and T. J. Sheridan for respondent.

CHIPMAN, C.—Action to recover possession of real property demised by plaintiff to defendant, the lease having expired, and defendant continuing in possession. The cause was tried by the court without a jury, and judgment given in favor of defendant, from which, and from the order denying his motion for a new trial, plaintiff appeals.

The complaint sets forth a written lease for one year from November 5, 1896, at a certain cash rental; that on November 6, 1897, plaintiff made demand in writing for possession; that more than three days have elapsed since making demand, and defendant has refused and neglected to quit possession. The complaint was filed November 24, 1897, and states the action of unlawful detainer, under section 1161 of the Code of Civil Procedure. The answer alleges that about March 15, 1897, plaintiff and defendant entered into an agreement by the terms of which plaintiff leased the premises to defendant for an additional year, to begin at the expiration of the term for which defendant then held the premises, and on the same terms; and that plaintiff further agreed at the same time to employ defendant to do certain described farm work for him, and apply the compensation therefor on the rental for said additional year. The cause was tried on February 28, 1898, and the court found the written lease as alleged in the complaint; that defendant went into possession thereunder, and is now in possession under the verbal lease as alleged in the answer; and as conclusion of law the court found that defendant was entitled to judgment for his costs, and that

plaintiff take nothing by his action. The principal fact at issue was the alleged verbal lease found by the court to have been entered into between the parties. It is urged that the evidence does not support the finding. The evidence is sharply conflicting, and we can only inquire whether there was evidence sufficient to support the finding. Defendant testified that, owing to the continued wet weather, and the consequent improbability of his being able to put a crop in the land for the year 1896–97, he had a conversation with plaintiff in January, 1897, at which time plaintiff told defendant that he could have the land another year; "that he would continue the present lease, and he would give me his work in cutting his own crop on the home place to help pay the rent. I accepted that proposition. . . . . In consequence of that conversation, I made further efforts to put in more land. I put in some, but that is wet land, and in order to dry it I ran ditches through it to run the water off so I could summer-fallow it." Again, he testified that in February or first of March "we had another conversation [in the presence of two persons, whom he named]. . . . . It was just beginning to rain, and we spoke about the weather; that it was hard to get a crop in on that piece of ground, and that it was late; it was low, wet ground, and he said I could summer-fallow the ground, and that he would not go back on his word; that I could have the place another year, and that he would give me all the work he had to pay the rent. I told him I would take the place." Defendant testified further that in March following he looked over plaintiff's hay ground, and a price for the work was agreed on, and plaintiff asked defendant "if it would go on the rent, as we had agreed," to which defendant replied, "I told him 'Yes.' " Again, in July defendant met plaintiff, and the latter "began finding fault with the way the work was done. I asked him if he didn't say it was satisfactory at the time it was done. He said that he did, but that he had found fault with it. I said, 'Didn't you agree to let me have it?' He said 'Yes.' I said, 'Ain't your word worth anything?' He said, 'No, it's not worth a damn, and you can't have it.' That was all the conversation at that time." There is considerable testimony corroborative of plaintiff's having agreed to extend the lease one year. It is true that the testimony of plaintiff and that of his wife is directly the other way, and would perhaps have justified

the court in finding for plaintiff. But the court evidently accepted the testimony of defendant's witnesses, and with this exercise of power by the court we cannot interfere.

Appellant contends that at most the contract was conditional; i. e., that it was a condition precedent that defendant was to summer-fallow the land if he could not plant it. As it turned out, he succeeded in cultivating seventy acres, but did not summer-fallow the remaining twenty acres for the first year of the lease. We do not think the evidence will bear the construction claimed by appellant. There is certainly no direct evidence, nor is there any intention plainly expressed, tending to show that the matter of summer-fallowing the land was to be a condition upon which the extension of the lease was to depend. The rule is that stipulations in a contract are not to be construed as conditions precedent, unless the construction is made necessary by the terms of the contract: Deacon v. Blodgett, 111 Cal. 416, 44 Pac. 159. In the present case the matter of summer-fallow was a suggestion rather than a stipulation, and was a matter of no concern to plaintiff, for he was not to be paid a crop rental.

Appellant also contends that he rescinded the contract in July, 1897. The evidence may tend to show that plaintiff attempted to repudiate, but not to rescind, the contract, for the evidence fails to disclose such a situation as would have entitled him to rescind (Civ. Code, sec. 1689); and plaintiff neither restored nor offered to restore to defendant the value he had received from defendant under the contract (Civ. Code, sec. 1691).

Error is claimed in overruling plaintiff's objection to the following question put to defendant as a witness by his counsel: "Have you been paid for this work you did for Mr. Schweikert?" This was the work he had agreed to do as part consideration for extending the lease, and the value of which was to be applied to the rental for the second year. We see no prejudicial error in the question, even if it be admitted as not within any issue. When defendant was testifying as a witness in his own behalf, he was asked by his counsel whether he held the premises at that time under the lease of November 5, 1896, or the agreement made in January and March, 1897. The question was objected to as calling for an opinion, and as immaterial. The question tended to invade the prerogative of the court, and asked for a con-

clusion, rather than a fact. At the same time we cannot see how harm could have come from the answer. It was plain enough from the evidence that defendant was claiming to hold under the verbal agreement, without his having been asked to so testify. The question was unnecessary, and open to objection, but the error was harmless.

Plaintiff had alleged in his complaint "that the term for which said premises were demised as aforesaid has terminated," and it is now urged that the court erred in not finding on this allegation, which was denied in the answer. No question was involved as to the termination of the written lease. By its terms it expired November 5, 1898. The real question at issue was not whether the written lease had expired, but whether it had been renewed. If the court had found that the written lease had expired, it would not have changed the result. Injury must be shown, or must be plainly inferable, before there can be a reversal.

It is urged as error that the court failed to find as to defendant's allegation in the answer that he had performed work for plaintiff of a certain value. The court found that defendant performed work for plaintiff for which he was to be paid a reasonable sum, and that "said sum so earned by the defendant for so doing said work it was then agreed should apply pro tanto on the rent to be paid plaintiff by defendant .... for the said additional term then agreed upon." It was not necessary to find as to the value of this work. The action does not purport to be for an adjustment of mutual accounts. This feature of the case was introduced as part of the contract under which defendant claimed the right to hold over, and it was immaterial what was the precise amount agreed to be paid for the work defendant agreed to do for plaintiff. A finding of the amount or omitting to find it could not have affected the result in any way. The judgment and order should be affirmed.

We concur: Gray, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.