CHARLES LOCKWOOD, on Behalf of Himself and All Other Holders of the Common Stock of GENERAL ABRASIVE COMPANY Similarly Situated, and Another, Respondents, *v.* GENERAL ABRASIVE COMPANY, Appellant.

Fourth Department, July 1, 1924.

Corporations — certificate of incorporation — rights of preferred and common stockholders to dividends are to be determined from certificate — certificate provided for seven per cent cumulative dividends on preferred stock and that after seven per cent dividends had been paid on common stock balance might be paid in equal shares to preferred and common — common stock is not entitled to cumulative dividends.

The certificate of incorporation of a company is the contract between the different classes of stockholders and their rights to dividends must be determined by the language of that instrument.

The holders of common stock in a corporation whose certificate of incorporation provides for the payment of seven per cent cumulative dividends on preferred stock and for the payment of seven per cent upon each share of the common stock and that any surplus thereafter remaining may be paid in dividends in equal amounts upon each share of preferred stock and upon each share of common stock, are not entitled to be paid cumulative dividends and, therefore, where the earnings in any one year are more than sufficient to pay seven per cent on both preferred and common stock, the balance must be paid in equal amounts upon the preferred and common stock.

SEARS and CROUCH, JJ., dissent.

APPEAL by the defendant, General Abrasive Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Niagara on the 18th day of October, 1923, upon the decision of the court rendered after a trial at the Erie Special Term.

*Cohn, Chormann & Franchot* [*Basil Robillard* of counsel], for the appellant.

*Moore & Killian* [*Robert J. Moore* of counsel], for the respondent Lockwood.

*Kenefick, Cooke, Mitchell & Bass* [*Thomas R. Wheeler* of counsel], for the respondent Skinner.

CLARK, J.:

This action was brought for a declaratory judgment. (See Civ. Prac. Act, § 473; Rules Civ. Prac. rule 210 *et seq.*) The controversy is between the common and preferred stockholders of the General Abrasive Company, a domestic corporation.

The .certificate of incorporation of the company is the contract between the two classes of stockholders, and their rights must be determined by the language of that instrument. (*Roberts* v. *Roberts-Wicks Co.*, 184 N. Y. 257.)

The real question to be determined here is: Are the common stockholders entitled to cumulative dividends? If they are, the authority to pay them must be found in the certificate of incorporation.

We may not read into that instrument words which it does not contain.

The dispute here is over the distribution of dividends. The defendant company proposes to distribute its surplus profits for the year 1923 by paying a seven per cent dividend to owners of preferred stock and seven per cent to owners of the common stock, and the remainder, if any, between the owners of the two classes of stock, in the ratio of their respective shares.

Plaintiffs contend that the provisions of the certificate of incorporation will not permit distribution of surplus earnings in this way. They contend that seven per cent should be paid on the preferred stock and seven per cent on the common stock and the remainder of the surplus to be applied in payments of dividends in arrears on the common stock, and after that is done the remainder, if any, to be distributed ratably between the holders of the preferred stock and the holders of the common stock.

Defendant claims that after seven per cent has been paid to the owners of the preferred stock and a like amount to the owners of the common stock, the remainder of the surplus should be divided *pro rata* between the holders of the preferred and the holders of the common stock, without first paying to the owners of the common stock amounts that would have been paid in former years if the surplus earnings in those years had justified it.

The learned court below was of the opinion that after the payment of seven dollars per share on the preferred stock, and seven dollars per share on the common stock, the common stockholders were next entitled to a payment of thirty-one per cent on their shares to make up for dividends not earned or paid in former years, and that the surplus, if any, should be divided equally between the preferred and common shareholders.

I think the learned court adopted an erroneous construction of the certificate of incorporation with reference to dividends.

The clauses of the certificate of incorporation affecting the right of stockholders to dividends are as follows:

"*Fourth.* Dividends upon the preferred stock of the company at the rate of seven per centum (7%) per annum, cumulative

after July first, one thousand nine hundred and sixteen, may be declared and paid out of the surplus profits, and no dividend in excess thereof shall be declared upon said preferred stock until dividends at the rate of seven dollars ($7.00) per annum shall have been declared and paid upon each share of the common stock.

" Whenever, after the declaration or payment of all accumulated dividends upon the preferred stock, any surplus profits shall remain, the same may be paid in dividends declared upon the common stock of the company up to the amount and at the rate of seven dollars ($7.00) per annum upon each share of the common stock. Any surplus profits over and above said cumulative dividends upon preferred stock, and seven dollars ($7.00) per share per annum upon the common stock, may be paid in dividends in equal amounts upon each share of preferred stock and upon each share of common stock of the company."

It will be noticed that the certificate expressly provides that dividends upon the preferred stock shall be cumulative after July 1, 1916.

There is nothing in the certificate which says that the common stock shall be entitled to cumulative dividends, and inasmuch as the certificate is the contract between the shareholders, it must be presumed that it represented what they intended at the time of its execution, and we may not read into the instrument words which were not used and evidently not intended to be used when the certificate was made and executed.

The words of the certificate must be given their usual and ordinary meaning, and when it says that owners of common stock, after the declaration or payment of all accumulated dividends upon the preferred stock, may be paid dividends on common stock at the rate of seven per cent per annum, it meant that they were to be paid such dividends yearly, or by the year, dividends that were earned and paid in any particular year, but that they could not out of a present surplus be paid dividends for former years which had never been declared or earned.

A cumulative dividend is one " With regard to which it is agreed that if at any time it is not paid in full the difference shall be added to the following payment." (Cent. Dict.) " A dividend * * * which is not paid or received when due is added to what is to be paid in the future." (Webster Internat. Dict.) The idea being that arrearages of one year are payable out of the surplus earnings for subsequent years.

No such dividend distribution was contemplated by the certificate of incorporation in the instant case. If it had been the

intention of the incorporators that the owners of common stock should be entitled to cumulative dividends it is fair to assume that they would have provided for such payments in so many words in the certificate of incorporation, as they did with reference to cumulative dividends for the preferred shareholders. If there were no profits to be divided in any year after making payments to preferred stockholders in accordance with the terms of the certificate of incorporation, they were lost forever, for each new year would mark the beginning of a new dividend period. (*Englander* v. *Osborne*, 261 Penn. St. 366; *Michael* v. *Cayey-Caguas Tobacco Co.*, 190 App. Div. 618.)

There is no justification for holding that the owners of the common stock are entitled to go back of the current year and claim to be reimbursed for unearned dividends of former years. To do so would make such dividends cumulative in behalf of the owners of the common stock, and that was not expressed or contemplated by the certificate of incorporation.

In the absence of an agreement, expressed or implied, that dividends shall be cumulative, unpaid dividends in the past cannot be claimed. (10 Cyc. 573; 14 C. J. 421.)

Since the incorporation of defendant company in 1916 the preferred stockholders have received dividends amounting to forty-five and one-half per cent. That would be seven per cent per annum. The common stockholders have received dividends amounting to fourteen and one-half per cent. The reason that the holders of the common stock did not receive larger returns in years gone by is because the dividends were not earned and declared.

If the certificate of incorporation had provided in terms that they were to receive cumulative dividends, as it did in the case of the owners of preferred stock, plaintiffs' position here would be unassailable, but in the absence of such provision in the certificate, to say that the owners of common stock are entitled to cumulative dividends, is to put a construction upon the certificate which, to my mind, would be unjustified.

The owners of the common stock, after provision was made for payment of dividends to the owners of the preferred stock, were entitled to seven per cent per annum if it was earned in any one year, but I can see no justification in the language of the certificate itself for holding that out of the surplus earnings of 1923 the common stockholders have a preferential right to be paid dividends not earned and declared in former years so as to make their dividend payments since the organization of the company correspond with the payments that have been made to preferred stockholders. To adopt plaintiffs' theory would be to make the owners of common

stock actually preferred stockholders, and that was not within the contemplation of the parties who organized the company.

The judgment should be modified by providing that any dividends in excess of cumulative dividends of seven per cent upon the preferred stock of the defendant company, and seven per cent per share upon the common stock of defendant in any year shall be paid in equal amounts upon each share of preferred and common stock, and as so modified the judgment should be affirmed, without costs of this appeal to either party.

The first conclusion of law is disapproved and reversed.

HUBBS, P. J., and DAVIS, J., concur; SEARS and CROUCH, JJ., dissent and vote for affirmance.

Judgment modified by providing that any dividend in excess of cumulative dividends of seven per cent upon the preferred stock of the defendant company, and seven per cent per share upon the common stock of defendant in any year shall be paid in equal amounts upon each share of preferred and common stock, and as so modified the judgment is affirmed, without costs of this appeal to either party. The first conclusion of law is disapproved and reversed.