[Civ. No. 6915. Third Dist. Jan. 4, 1943.]

FRANK W. CLARK, as Director of Public Works, etc., et al., Petitioners, v. THE STATE PERSONNEL BOARD et al., Respondents.

C. C. Carlton, Frank B. Durkee, C. R. Montgomery, Robert E. Reed and Francis J. Carr for Petitioners.

John J. Hamlyn as Amicus Curiae on behalf of Petitioners.

Earl Warren, Attorney General, and Wilmer W. Morse, Deputy Attorney General, for Respondents.

ADAMS, P. J.—Frank W. Clark, as Director of Public Works, and other officers of the Department of Public Works, filed a petition for writ of mandate to compel the State Personnel Board to approve a payroll claim for moneys alleged to be due to said department as reimbursement for a payment made from District II revolving fund, to one Leaton G. Foster, who was formerly employed by the Department of Public Works as a highway equipment operator laborer with permanent civil service status. The petition alleges that on February 14, 1942, Foster resigned his position, his resignation to take effect on and after February 15; that he had, prior to February 15, ''earned overtime of fifteen (15) hours,

and accumulated vacation time'' in the amount of eight full days, and that he was carried on the payroll until February 25, and paid from the revolving fund of said department ''to cover said accumulated vacation and earned overtime''; that thereafter the claim of the Department of Public Works for reimbursement for the amount paid Foster was disapproved by the Personnel Board, on the ground that Foster's resignation was final on February 15; that on March 21, Foster submitted a second letter changing the effective date of his resignation from February 15, to February 25, and said letter was submitted to the Personnel Board; but that said board still refused to approve the claim.

Respondents filed a general demurrer to the petition, and the matter was subsequently submitted to this court on a stipulation setting forth that the attorney general (except for possible inconsistencies) and the Personnel Board had for twenty-five years refused to approve cash payments to resigned state employees in lieu of vacations not taken prior to the effective dates of their resignations; that the Personnel Board had consistently for many years permitted the substitution of a second resignation or an amendment of a prior resignation to permit payment for unused vacation periods, but that said practice was discontinued June 30, 1942, with the submission of an opinion of the attorney general disapproving the practice.

Since the submission of the matter to this court the allowance of cash payments to state employees for unused vacation periods upon their separation from state service has been approved by the Supreme Court in the case of *Pohle* v. *Christian*, 21 Cal.2d 83 [130 P.2d 417], holding that an employee does not lose his right to compensation for accumulated vacation periods upon being separated from the service unless he has waived it by refusing to take a vacation before he was laid off. Neither refusal nor waiver is alleged or relied upon in the present case, and we therefore hold that upon his resignation Foster was entitled to a cash payment for such period of unused vacation as he had accumulated prior to his resignation.

As to the portion of the amount paid to Foster by petitioners for overtime, the petition alleges that for a long time prior to March 31, 1942, the Personnel Board followed the practice of approving payments made to resigned civil

service employees for both accumulated vacation periods and overtime.

Respondents here maintain, however, that there is no authority or justification for payment of overtime to civil service employees employed on a monthly salary; that no statute or rule of the Personnel Board provides for such payment, and that, on the contrary, rule 12, section 2(h) of said board specifically prohibits it; also, that there is no rule of the board providing for days, or hours, or conditions of work in the Division of Highways, and that a civil service employee cannot accumulate overtime where no rule has been set up fixing hours of work; that payment for extra hours is not authorized by law, and that therefore public funds may not be expended for such purpose. Respondents also rely upon sections 351 and 675.1 of the Political Code and section 70 of the State Civil Service Act which provide that the salaries of employees shall be fixed in accordance with classifications made by the Civil Service Commission, that all salaries are subject to the approval of the State Department of Finance before they become effective and payable, and that employees in each class shall receive salaries within the limits for such class. They say, however: "We do not here question the right of the head of a state office or department, in the absence of a rule of the Board, to allow compensating time off for hours worked by employees in excess of those normally worked by employees in comparable positions. Situations arise from time to time where certain employees in office may be required to work a number of hours of overtime in this sense for one or more days in a week. The emergency may be such that the officer or Board cannot or finds it impracticable to procure the services of some other person to do this overtime work. It seems entirely reasonable and in accord with efficient and humane office management that the head of the office should grant to such an employee compensating time off for the extra hours worked."

Rule 12, section 2(h) of the Personnel Board does not prohibit the allowance of such compensatory time off, and such allowance was approved by the attorney general in opinions rendered January 23, and January 29, 1940.

We see no difference in principle between allowing an employee a cash payment for accrued vacation time upon his separation from the service, and allowing him, upon such

separation, a cash payment in lieu of the compensatory time off to which he may have become entitled because of overtime worked.

Let the peremptory writ of mandate issue as prayed.

Schottky, J. pro tem., and Thompson, J., concurred.

A petition for a rehearing was denied February 2, 1943.