[Civ. No. 3241. Fourth Dist. Dec. 3, 1943.]

LLOYD S. VERRY, Respondent, v. L. H. ECKEL, as County Auditor, etc., Appellant.

Joel E. Ogle, County Counsel, for Appellant.

Thos. L. McFadden and Martell E. Thompson for Respondent.

MARKS, J.—This is an appeal from a judgment ordering L. H. Eckel, as Auditor of the County of Orange, to draw a warrant in favor of Lloyd S. Verry in the sum of $216.66 in settlement of a claim for vacation pay which he had earned but had not taken.

Verry was Deputy District Attorney of Orange County from twelve o'clock noon of January 2, 1939, to twelve o'clock noon on January 2, 1943. It is agreed that Verry had earned a vacation for the year ending on January 2, 1942, and another vacation for the year ending on January 2, 1943, under the provisions of Ordinance 430 of the County of Orange as amended by Ordinances 440 and 446, neither of which vacations had been taken.

Under date of December 31, 1942, Verry submitted the following resignation:

"I, the undersigned, do hereby submit my resignation as a Deputy District Attorney of Orange County, California, effective as of 12 noon, Saturday, January 2, 1943.

"As you will recall, I have heretofore made application to you for vacation leave as provided by law, but did not receive the same because of the increased burdens placed upon your office during the past year. Therefore, I hereby request that you grant to me the privileges provided in subdivision (b) of Section 8 of Ordinance 446, of the County of Orange, State of California."

The resignation was accepted and the district attorney prepared his payroll which carried pay for Verry for 15 working days, the legal annual vacation period fixed by the ordinance of the county. The county auditor refused to draw his warrant for the vacation pay and this action was brought to compel him to do so. Verry recovered judgment and this appeal followed.

The cause is before us on the judgment roll and a stipulation as to certain facts which was made at the opening of the argument here. From all that appears in the record it might be concluded that Verry, having worked during the year ending on January 2, 1943, without vacation, was asking for vacation pay for the vacation earned that year. However, it was stipulated by counsel at the argument that Verry was asking for vacation pay earned during the year ending on January 2, 1942, he having been refused a vacation during the year 1942 because of the press of business in the office; that the vacation earned during the year 1942, prior to his resignation, was not involved in this proceeding. We consider this stipulation as controlling and as clearing up any uncertainty in the record.

Ordinance number 430 of the county of Orange was passed under powers granted by section 5 of article XI of the Constitution. It created the office of deputy district attorney and fixed the salary of the encumbent. Subdivisions a and b of section 8 of the ordinance, as amended by ordinances 440 and 446, provides as follows:

"(a) Every person holding a position provided for by this Ordinance, the compensation for which is fixed by the month or longer period, shall be entitled to an annual vacation of 15 full working days (Saturdays considered one-half

working day) for each year of service, dating from the date of commencement of said service, to be taken during the first 12 months immediately following the year of such service, to be taken as follows:

"The first vacation after appointment to such a position may be taken after such person shall have been in the service for a period of one full year during which he shall have actually worked not less than 200 days, except as otherwise provided in this Ordinance, and said vacation shall be taken following the completion of the continuous year's service which gives right to such vacation period, as herein provided, which vacation may not be cumulative from year to year. Said vacation shall be with full pay. Leave of absence for sickness or otherwise shall not be counted against said vacation or be deducted from the days of service required to entitle one to a vacation on the basis of one year's continuous service; Saturday considered one-half working day.

"(b) Any person employed by the month who is about to leave the service of the County voluntarily, who shall immediately prior to his resignation have been in the service of the County continuously for one year or more as herein defined, and who shall apply for such leave before such resignation shall become effective, shall be allowed vacation with full pay for 15 full working days for one year of continuous service performed by such person in the year preceding, dating from date of employment; Saturday considered one-half working day."

Section 359c of the Political Code provides that, unless otherwise provided by law, each state officer and employee shall be entitled to a vacation of fifteen working days with pay for each year of continuous service. As far as material here, the effect of this section does not differ materially from that of subdivision *a* of section 8 of the county ordinance as amended, except that the ordinance contains the added provisions that vacations may not be cumulated from year to year.

Section 359d of the Political Code empowers the State Personnel Board to promulgate rules and regulations for all state officers and employees who are members of the Civil Service including provisions for accumulation of vacations.

Section 150 of the State Civil Service Act (Stats. 1937, p. 2085) provides that the Civil Service Board may provide

by rule for the regulation and accumulation of vacations. Section 36 of the same act requires the courts to take judicial notice of the rules promulgated by the board.

Rule 13 of the Rules of the State Personnel Board governing the State Civil Service covers the matter of vacations and permits the cumulation of earned vacations up to but not beyond thirty days.

Section 4327 of the Political Code provides for annual vacations for county officers and employees of not to exceed fifteen full working days and prohibits cumulating vacations from year to year. Section 4056d of the same code continued the provisions of section 4327 in effect until superseded by county ordinances. As it was superseded by ordinance 430, as amended, we must look to the provisions of that ordinance to determine the rights of the parties here.

■ We have been cited to no case arising under any similar county ordinance which touches on the question before us. There are two cases involving civil service employees which by analogy are helpful.

Edwin W. Pohle was a state civil service employee who had accumulated twenty-four and one-half days' vacation at the time he was separated from the service on July 1, 1937. He brought an action with the object, among other things, of compelling payment, after he left the service, for his unused accumulated vacation. In *Pohle* v. *Christian*, 21 Cal.2d 83 [130 P.2d 417], the Supreme Court held that he was entitled to his salary after he left the service for the period equaling his unused vacation. *Clark* v. *State Personnel Board*, 56 Cal. App.2d 499 [133 P.2d 11], is to the same effect. Because of the similarity of the state and county enactments governing earned vacations for fifteen working days these cases would seem to settle the right of Verry to his pay for his vacation earned during the year ending January 2, 1943, assuming the question of accumulated vacations be not involved. Under the stipulation of counsel that question is not involved here.

Counsel for Eckel argues that because the ordinance provides that the vacation must ''be taken during the first 12 months immediately following the year of such service'' and further provides that the ''vacation may not be cumulative from year to year'' Verry cannot be permitted in 1943 to receive vacation pay for the vacation earned in 1941 but not taken in 1942.

In this connection it should be noted that the ordinance directs that a vacation earned in one year should be taken in the twelve months following that year. There is no provision that if the vacation is not taken within those twelve months the right to it is forfeited. Here it appears that Verry wanted to take the vacation earned in 1941, during 1942; that he made several requests to be allowed such vacation; that because of the press of work in the office his requests were not granted and he was denied his right to the vacation in 1942 which he had earned in 1941. Under such circumstances, and because of the further circumstance that the ordinance does not provide that where the employee does not take his vacation during the twelve months following the year in which it is earned the vacation shall be forfeited, we are constrained to hold that this provision of the ordinance is directory and that after he left the service of the county on January 2, 1943, he may be compensated for the vacation earned in 1941 but not taken.

Counsel for Eckel argues that this conclusion has the effect of cumulating vacations contrary to the clear prohibition of the ordinance.

In *Fawkes* v. *Farm Lands Inv. Co.*, 112 Cal.App. 374 [297 P. 47], in construing the words "cumulative" and "accumulative" as applied to dividends it was said they "signify continuing growth in volume by periodical accretions." This definition was approved and adopted in *Bank of America* v. *West End etc. Co.*, 37 Cal.App.2d 685 [100 P.2d 318]. In *Mannington* v. *Hocking Valley Ry. Co.*, 183 F. 133, it was said: " 'Cumulative,' as defined by the legal lexicographers, means 'additional; that which is superadded to another thing of the same character and not substituted for it.' " See, also, *Lockwood* v. *General Abrasive Co.*, 210 App.Div. 141 [205 N.Y.S. 511], and *Barclay* v. *Wabash Ry. Co.*, 30 F.2d 260.

It is argued that the judgment will permit Verry to superimpose his vacation earned in 1941, but not taken in 1942, onto his vacation earned in 1942 so that in 1943 he will have a cumulative vacation or vacation pay for thirty working days which is contrary to the terms of the ordinance.

We do not regard this question as properly before us. While it does appear that Verry earned vacations in 1941 and in 1942, neither of which he had taken, it does not appear that he has asked or is asking for the vacation earned in 1942

or pay for it. Until he does, this question of cumulative vacation does not arise. If he should make a demand for vacation pay for the vacation earned in 1942, Eckel may then raise in defense the question of the prohibition against accumulating vacations and make the arguments he is now making here. Until there is a request for such additional vacation pay, pay for the vacation earned in 1941 cannot be cumulative for there is nothing to add it to nor superimpose it upon. Until the question of the vacation earned in 1942 arises anything we would say on the question of cumulative vacations or the right to vacation pay under subdivision *b* of section 8 of ordinance 430 as amended would be dictum.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.