236 P.2d 236]

Appellate Department, Superior Court, San Diego

[Civ. A. No. 166054.   Sept. 28, 1951.]

DIVISION OF LABOR LAW ENFORCEMENT, DEPART-
MENT OF INDUSTRIAL RELATIONS, Respondent,
v. THE RYAN AERONAUTICAL COMPANY (a Cor-
poration), Appellant.

B. Kenneth Goodman for Appellant.

Pauline Nightingale, Edward M. Belasco and Leon H. Berger for Respondent.

BURCH, J.—Defendant appeals from a judgment for $107.52, representing an employee's vacation pay. The employment of plaintiff's assignor by the defendant was under the provisions of a collective bargaining agreement signed by defendant, The Ryan Aeronautical Company, a corporation, and the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, Local 506, an affiliate of the Congress of Industrial Organizations.

Article XVII of the agreement has to do with "Leaves with Pay, Vacation, Sick Leave, Etc." It provides

"Each hourly paid employee upon the completion of a year's service shall be granted during the following twelve month period a leave of absence with pay at straight time rate plus any applicable shift differential, of twelve (12) eight (8) hour work days (ninety-six (96) hours) which may be used by the employee as vacation, and/or sick leave. . . . Employees with more than one year's service will be given

credit for the prorata part of the year worked past their anniversary and/or accrual date when laid off because of a reduction in the working forces. . . ."

Plaintiff's assignor, Donald Ellis Wescoat, was employed November 8, 1948, by defendant as a shipping clerk at the rate of $1.12 an hour, and continued in this employment through October 31, 1949. Without fault on his part the employment was discontinued by the employer because of a reduction in working forces. It is stipulated that if the plaintiff's assigner is entitled under the contract to vacation with pay, he is likewise entitled to pay in lieu thereof in the amount of the judgment, $107.52.

It is the contention of defendant that the quoted clause of the collective bargaining agreement discloses an intent by the contracting parties to make the right of the employee to vacation with pay dependent upon the completion to the letter of a full year's service, and implies a provision that there can be no credit in favor of the plaintiff until the full year has expired.

We assume that the contract clause controls and its applicability is established. Literal performance would have been complete after five more working days. The trial court applied to this issue the doctrine of substantial performance, found that there had been substantial performance, and rendered the judgment. Our sole question is whether the trial court has reasonably and properly applied to this part of the contract the doctrine of substantial performance.

█ The contention of the defendant assumes that the clause must be read as stating a condition precedent to the right to recovery. In this respect we believe the clause is ambiguous and does not necessarily purport to declare a condition precedent. It was conceded at the trial that the clause was inserted in the contract to accomplish continuous and faithful service and as an inducement to the employee to remain in the employment. Under these circumstances, the object having been substantially procured, the benefits of which have inured to the employer, equity and justice would seem to require a liberal construction of the clause as a promise rather than a condition precedent. █ In this connection it has been stated:

" 'Courts are disinclined to construe the stipulations of a contract as conditions precedent, unless compelled by the language of the contract plainly expressed' (*Front St. etc. Co.* v. *Butler,* 50 Cal. [574] 577; *Deacon* v. *Blodget,* 111 Cal.

416, 418 [44 P. 159]) and particularly so when the result would be to work a forfeiture. (*Antonelle* v. *Kennedy & Shaw Lumber Co.*, 140 Cal. 309, 315 [73 P. 966].) If the proposition contended for had been in the minds of the parties, it is difficult to believe that they would not have found clearer language in which to express it. . . . The parties must be supposed to have made the contract in the belief that its terms would be fulfilled, that the payments stipulated would be made. . . ." (*San Diego Construction Co.* v. *Mannix*, 175 Cal. 548, 556 [166 P. 325].)

The Restatement of Contract, section 261, provides:

"Where it is doubtful whether words create a promise or an express condition, they are interpreted as creating a promise; . . ."

and Professor Williston in his work on Contracts (section 665) says thereof:

"Such an interpretation protects both parties to the transaction and also does not involve the consequences that a slight failure to perform wholly destroys all right under the contract."

■ Decisions have made clear that a contractual provision for vacation with pay is neither a gratuity nor a gift. It is a supplement to the employment agreement which in effect constitutes an offer of reward or additional wages for constant and continuous service. (*Division of Labor Law Enforcement* v. *U. S. Electrical Motors*, Appellate Department, Superior Court of Los Angeles County, Superior Court Civ. A No. 6838; *In re Wil-Low Cafeterias, Inc.* (C.C.A. Second Circuit 1940), 111 F.2d 429, 432; *Zwolanek* v. *Baker Mfg. Co.*, 150 Wis. 517 [137 N.W. 769, Ann.Cas. 1914A 793, 44 L.R.A.N.S. 1214]; *Pohle* v. *Christian* (1942), 21 Cal.2d 83, 89-90 [130 P.2d 417]; *Clark* v. *State Personnel Board* (1943), 56 Cal.App.2d 499, 500-502 [133 P.2d 11]; *Verry* v. *Eckel* (1943), 61 Cal.App.2d 595 [143 P.2d 394].)

■ Substantial compliance, it has been said, meets the requirements of any obligation and what acts may constitute a compliance sufficient to meet the requirements of the law is a question to be determined on the facts in each individual case. (*Bavin & Burch Co.* v. *Bard,* 81 Cal.App. 722, 729 [255 P. 200].)

■ We held in *Division of Labor Law Enforcement* v. *Mayfair Markets,* 102 Cal.App.2d Supp. 943 [227 P.2d 463], in affirming a judgment for defendant in a case somewhat similar to this one, that we were bound on appeal on the

judgment roll alone to presume that any question of substantial performance of a contract of employment entitling the employee to vacation pay after 12 months of employment was passed on by the trial court. The present appeal is likewise on the judgment roll alone, without findings. Judgment below went in favor of substantial performance by plaintiff's assignor under the vacation clause. The rule on appeal there stated applies here with equal force. This makes it unnecessary to consider further the question of quasi contractual right for part performance where the service has been terminated by act of the employer without fault on either side. Since recovery here depends upon substantial performance under the contract, the equitable right based on unjust enrichment is not before us.

Upon consideration of the contract clause, the extent of performance thereunder and the supporting evidence presumed on this appeal, the judgment must be affirmed.

Turrentine, P. J., concurred.