[Sac. No. 7685. In Bank. Nov. 23, 1965.]

E. W. TRACY, Plaintiff and Respondent, v. CONTRACTORS'
STATE LICENSE BOARD, Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General,
E. G. Funke, Assistant Attorney General, W. B. Thayer and
N. Eugene Hill, Deputy Attorneys General, for Defendant
and Appellant.

Forrest E. Macomber for Plaintiff and Respondent.

McCOMB, J.—Defendant, Contractors' State License Board of the State of California (hereinafter referred to as "the board"), appeals from a judgment of the superior court granting a peremptory writ of mandate commanding it to reinstate plaintiff's contractor's license.

*Facts*: In September 1962 an accusation was filed against plaintiff, a licensed contractor, charging him with a violation of section 7113.5 of the Business and Professions Code, which at the time provided, in part: "The adjudication of bankruptcy of a licensee . . . constitutes a cause for disciplinary action."

It was established at the hearing on the accusation that plaintiff had been adjudicated a bankrupt and that a substantial portion of the liabilities from which he sought to be discharged in the bankruptcy proceedings represented amounts owed by him for labor, supplies, and materials furnished to him for his use as a licensed contractor.

After the hearing the registrar of contractors adopted a proposed decision for the suspension of plaintiff's license until such time as he should (1) present to the registrar a release of all claims against him by the Joint Delinquency Committee of the Carpenters Health & Welfare Trust Fund for Northern California, the Four Bay Counties Vacation Trust Fund, the Forty-two Northern California Counties Carpenters Vacation Trust Fund, and the Carpenters Pension Trust Fund for Northern California, "even though the same were discharged in bankruptcy," and (2) give a bond made pursuant to Business and Professions Code section 7071.5.

*Questions*: First. *Is section 7113.5 of the Business and Professions Code unconstitutional as being in conflict with the United States Bankruptcy Act and in violation of the Fourteenth Amendment to the United States Constitution?*

*No.* In *Hope* v. *Contractors' etc. Board,* 228 Cal.App.2d 414, 416, 422-425 [39 Cal.Rptr. 514] (hearing denied by the Supreme Court), it was held that the provisions of section 7113.5 of the Business and Professions Code, making bankruptcy or acts of bankruptcy a cause for disciplinary action against a licensed contractor, constitute a proper exercise of the state's police power where the acts of bankruptcy relate to the licensee's business as a contractor and thus do not violate the Fourteenth Amendment or conflict with the federal Bankruptcy Act.

The *Hope* decision rested in part upon the decision of the

United States Supreme Court in *Kesler* v. *Department of Public Safety,* 369 U.S. 153 [82 S.Ct. 807, 7 L.Ed.2d 641]. That case involved a Utah statute requiring satisfaction of an automobile accident judgment as a condition to the reinstatement of the judgment debtor's driver's license, the statute specifically providing that a discharge in bankruptcy did not relieve the debtor from this condition. Suspension of the judgment debtor's license was made dependent on the creditor's request.

In the *Kesler* case the Supreme Court discussed its holding in *Reitz* v. *Mealey,* 314 U.S. 33 [62 S.Ct. 24, 86 L.Ed. 21], involving a similar New York statute. In that case it was determined that no conflict with the Bankruptcy Act existed, because the statute was not designed to aid collection of debts but, rather, to enforce a policy against irresponsible driving, which policy would be frustrated if negligent drivers could avoid the statute by the simple expedient of voluntary bankruptcy. (314 U.S. at p. 37.)

At the time the New York judgment should have been certified, the law in that state did not make suspension dependent on the creditor's request. The Supreme Court concluded in the *Kesler* case, however, that the differences between the Utah statute and the New York statute, even before the latter was amended to require action by the creditor, were insubstantial, and therefore held, on the basis of the *Reitz* case, that the Utah statute did not conflict with the Bankruptcy Act, pointing out that the bearing of the statute on the purposes served by bankruptcy legislation was essentially tangential (369 U.S. at p. 174.)

Similarly, the statute here under consideration was not designed to aid collection of debts but to protect the health, safety, and welfare of the public. As stated in *Howard* v. *State of California,* 85 Cal.App.2d 361, 365 [193 P.2d 11], "The purpose of the act [Contractors License Law] is to guard the public against the consequences of incompetent workmanship, imposition and deception." (See also *Fraenkel* v. *Bank of America,* 40 Cal.2d 845, 848 [2] [256 P.2d 569]; *Hope* v. *Contractors' etc. Board, supra,* 228 Cal.App.2d 414, 419.) Accordingly, the present statute, as did the statute upheld in the *Kesler* case, bears only tangentially on the purposes served by the Bankruptcy Act and does not conflict with it.

It should be noted, incidentally, that the sanctions of section 7113.5 of the Business and Professions Code are not so far-reaching as those contained in the Utah statute. As said in

*Hope* v. *Contractors' etc. Board, supra,* 228 Cal.App.2d 414, 425: "[T]he sanctions of section 7113.5 are much less drastic than those of the Utah Financial Responsibility Act. Here acts of bankruptcy do not require peremptory license revocation. They merely give cause for the taking of some disciplinary action. Whether such action will be taken and, if so, the extent thereof, is left to be gauged by a comprehensive appraisal of all factors relevant to the ultimate issue: Can this person at the present time be deemed competent to continue to pursue a vocation substantially affecting the public weal?"

 Second. *Should the penalty imposed by the registrar be set aside on the ground that it constituted an abuse of discretion?*

*No.* The general rule is here applicable that in a mandamus proceeding to review an administrative order the determination of the penalty by the administrative body will not be disturbed unless there is a clear abuse of discretion. (*Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 287, 293 [8] [341 P.2d 296]; *Bonham* v. *McConnell,* 45 Cal. 2d 304, 306 [288 P.2d 502].)

 The hearing officer in the present case, after two hearings on the merits and taking into account plaintiff's operations as a contractor, selected a particular group of persons, injured by his operations as a contractor, with a high public interest to protect and as a condition to reinstatement required him to make their injury whole.

The payments which the registrar's decision requires plaintiff to make before he can be reinstated relate to pension funds, health and welfare funds, and vacation funds, all of which were due and owing for the benefit of his employees. Such sums constitute "wages" of these employees and are a preferred claim in bankruptcy. (*In re Otto,* 146 F.Supp. 786, 788-789.)

Since wages and related benefits derived from wages of employees have received special attention by the Legislature and been accorded a preference in our law, they may receive special attention in the penalty imposed for a violation of the Contractors License Law.

It is conceivable that under certain circumstances such a penalty requiring payment of wages may be unreasonable. Under the above-stated rule, however, the determination of the penalty will not be disturbed unless an abuse of discretion has been clearly shown; and no such showing has been made here.

The judgment is reversed, and the superior court is directed to deny the writ of mandate.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Burke, J., and Van Dyke, J. pro tem.,* concurred.

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.