[Civ. No. 7551.   Fourth Dist., Div. One.   Mar. 11, 1966.]

HARLYN LEPRELETTE HOPKINS et al., Plaintiffs and Respondents, v. CONTRACTORS' STATE LICENSE BOARD, Defendant and Appellant.

*Assigned by the Chairman of the Judicial Council.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and John M. Huntington, Deputy Attorney General, for Defendant and Appellant.

Leonard A. Bock for Plaintiffs and Respondents.

WHELAN, J.—Contractors' State License Board (Board) appeals from a judgment issuing a writ of mandate commanding the Board to vacate and set aside its decision revoking the contractor's licenses of Hopkins and Kyker.

### Facts

Hopkins held a general contractor's license. Respondent Kyker held a general contractor's license under which Hopkins furnished the qualifying experience as the responsible managing employee of Kyker.

On January 8, 1962, Hopkins, upon his voluntary petition, was adjudged a bankrupt by the U. S. District Court for the Southern District of California. On January 22, 1963, an accusation was filed charging Hopkins with violation of Business and Professions Code, section 7113.5. The specific act of violation charged was the adjudication of bankruptcy.

A hearing upon the accusation was held on April 22, 1963. The bankruptcy schedules listing Hopkins' debts were received in evidence.

It was inferable from the bankruptcy schedules that it was established at the hearing on the accusation that a substantial portion of the liabilities from which petitioner Hopkins sought to be discharged in the bankruptcy proceedings represented amounts owed by him for labor, supplies and materials furnished to him for his use as a licensed contractor. Of unsecured debts of some $53,000, about 50 percent were of that class. The Registrar of Contractors adopted as his decision the order of the hearing officer that Hopkins' license be revoked. Without the benefit of Hopkins' qualifying experience, Kyker's license was similarly affected.

### Contentions of Petitioners

That Business and Professions Code, section 7113.5 is unconstitutional as a violation of due process because it is: (1) an invalid exercise of the police power; or (2) indefinite and uncertain.

That Business and Professions Code, section 7113.5 is unconstitutional because it conflicts with the Bankruptcy Act.

That the statute is unconstitutional because it denies due process; and denies equal protection of the laws, since it discriminates against contractors who resort to bankruptcy.

In *Hope* v. *Contractors' etc. Board*, 228 Cal.App.2d 414 [39 Cal.Rptr. 514], decided after the trial court's action, it was held that (1) the statute does not deny due process; (2) the statute is a valid exercise of the police power where the acts of bankruptcy relate to the licensee's business as a contractor and thus does not violate the Fourteenth Amendment; (3) the Legislature has laid down definite standards for administrative implementation of the statute; and (4) the statute does not conflict with the federal Bankruptcy Act. *Hope* has been approved in *Tracy* v. *Contractors' State License Board*, 63 Cal.2d 598 [47 Cal.Rptr. 561, 407 P.2d 865].

*Tracy* and *Hope* dispose of all the issues presented in this case, with the possible exception of the claim that the statute denies equal protection of the laws to those who resort to bankruptcy, since the statute discriminates against those who take bankruptcy without providing for disciplinary action against a contractor who makes a "common law assignment for benefit of creditors." *Tracy's* flat statement that section 7113.5 of the Business and Professions Code is not unconstitutional as being in conflict with the Fourteenth Amendment to the federal Constitution may be sufficient to settle the question. The Fourteenth Amendment assures the equal protection of the laws as well as due process.

The denial of the equal protection of the laws was not urged specifically in *Hope* nor mentioned specifically in *Tracy*. We are of opinion that section 7113.5 does not deny the equal protection of the laws to a licensee who has voluntarily taken the immunity bath of bankruptcy from obligations arising out of his business as contractor.

There is a presumption that the classification is reasonable (*McGowan* v. *State of Maryland*, 366 U.S. 420 [81 S.Ct. 1101, 6 L.Ed.2d 393]) and that the statute need not cover the entire field of abuses. (*Williamson* v. *Lee Optical Co. of Oklahoma*, 348 U.S. 483, 489 [75 S.Ct. 461, 99 L.Ed. 563].)

A basis for such classification is that a common law assignment for the benefit of creditors need not have the effect of discharging the assignor's indebtedness. (*Boteler* v. *Robinson*, 105 Cal.App. 611 [288 P. 135].)

The judgment is reversed with directions to enter a judgment denying the writ.

Brown (Gerald), P. J., and Coughlin, J., concurred.