[Civ. No. 31930.   Second Dist., Div. Three.   Oct. 29, 1968.]

WEST ROMAINE CORPORATION et al., Plaintiff and Respondent, v. CALIFORNIA STATE BOARD OF PHARMACY et al., Defendants and Appellants.

Thomas C. Lynch, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Defendants and Appellants.

Stanley Fleishman and Martha Goldin for Plaintiff and Respondent.

COBEY, J.—The State Board of Pharmacy, its members and its executive secretary, appeal from a judgment in administrative mandamus (Code Civ. Proc., § 1094.5) entered on February 6, 1967. This judgment, by means of the paragraphs therein designated as (5) and (6), set aside certain penalties the board had imposed upon respondent corporation and remanded the case to the board for reconsideration of those penalties.

On a prior appeal in this case (Civ. No. 29487), Division I of this district of this court, speaking through Justice Fourt,

concluded an unpublished opinion with the following order: "It is ordered that the judgment, insofar as it exonerates respondent of the charges of false and misleading advertising in violation of Business and Professions Code, section 17,500 and Title 16, California Administrative Code, section 1766, and insofar as it exonerates respondent of the charges of illegal advertising in violation of Business and Professions Code, sections 651 and 652, is reversed.

"It is directed that the superior court affirm the findings of fact and determinations of issues of the State Board of Pharmacy with reference to the items last above specified."[1]

Respondent contends that under the foregoing order of this court the trial court was free to act on the penalty phase of the case because that phase was not covered by the order. We agree. The doctrine of the law of the case does not apply to points of law which might have been but were not presented and determined on the prior appeal. (*DiGenova* v. *State Board of Education*, 57 Cal.2d 167, 179 [18 Cal.Rptr. 369, 367 P.2d 865].)

For engaging in such false, misleading and illegal advertising the board ordered that respondent's permits to conduct a pharmacy at one specified location be suspended 10 days and at two other specified locations 40 days. The 30-day suspensions were imposed for the false and misleading advertising; the 10-day suspensions were imposed for the illegal advertising. On a rehearing after the decision of this court, in which only argument of counsel was presented and no additional evidence was taken, the trial court found that these penalties were "unreasonable in light of the whole record," and concluded that they were arbitrary, capricious and an abuse of discretion on the part of the board.

In its findings of fact and conclusions of law made in this case before the first appeal, the trial court, on the basis of the administrative record supplemented by evidence offered by respondent,[2] found, among other things, that the board abused its discretion in imposing these penalties and the addi-

---

[1] The Supreme Court denied hearing on the first appeal.

[2] Under the last clause of Code of Civil Procedure, section 1094.5, subdivision (d) the admission of this supplemental evidence was discretionary with the trial court. Since the board had denied respondent's petition for reconsideration, no objection was made by the board to the introduction of this supplemental evidence so far as it related to the penalties imposed.

tional ones it imposed for alleged change of name violations[3] and that respondent's illegal advertising did not differ essentially from that of others doing business in the same field. The trial court therefore concluded that the imposition of the penalties for both types of nonprofessional advertising as well as for the name changes constituted an abuse of discretion because in so doing the board acted in excess of its jurisdiction, denied respondent a fair hearing and did not proceed against respondent in the manner required by law; its order containing the penalties was not supported by the findings and such findings were not supported by the evidence nor by substantial evidence in the light of the whole record.

As will be more fully developed, we find nothing in the record supporting the foregoing reasoning of the trial court respecting the penalties imposed by the board. Furthermore, in its aforementioned unpublished opinion, this court rejected expressly and impliedly the thinking underlying the trial court's foregoing conclusion regarding the penalties. This court expressly said: "The trial judge apparently believed that because others violated the law the respondent should not be held accountable. The customs and practices of others has no bearing on whether respondent violated the law. The measure is the statute and not what someone else may or may not have done."

In support of its petition for a writ of mandate in this case, respondent originally filed a declaration of its secretary.[4] In this declaration the secretary stated that the board's original penalties of suspending respondent's pharmacy permits at two of its store locations 45 days and at another 10 days were harsh, arbitrary and capricious and denied respondent constitutional due process of law and equal protection of law. The secretary further stated on information and belief that never before had the board imposed such a suspension for like violations. The secretary also said that the imposition of these penalties would cost respondent approximately $98,000, jeopardize the investment and life savings of respondent's principals and cause great inconvenience to respondent's prescription customers, many of whom were old people.

On the stand in the trial court this same witness identified

---

[3]The trial court's exoneration of respondent for these alleged change of name violations was not challenged by the board in the first appeal.

[4]This declaration is found in the superior court file of this case (C 845497) which file we have added to the record on appeal pursuant to rule 12(a) of the California Rules of Court.

himself as the general administrator of respondent's stores, stated that very close to 50 percent of their business was prescription business, which carries a higher profit margin than their other business, and that therefore the imposition of the board's original penalties would cost respondent "well over $100,000" since respondent would have to keep its pharmacists on salary while its three pharmacies were closed; that in Riverside, California, where one of these pharmacies was located, there was no store to which respondent could refer its prescription business during the period of suspension of respondent's permit there; and that "a tremendous majority" of respondent's prescription customers would leave respondent permanently during the suspension periods. On cross-examination, however, this witness admitted that he did not have figures to support his estimate of the probable loss of more than $100,000 and could not even give monthly prescription sales volumes for two of the three stores involved.

Under Business and Professions Code, section 4350, the board was empowered either to revoke the three pharmacy permits involved completely or to suspend them. ▮ The choice of the penalty imposed by an administrative agency is a matter vested in its discretion and therefore such penalty may not be judicially disturbed in a mandamus proceeding unless there has been a clear abuse of discretion.[5] (See *Tracy* v. *Contractors State License Board*, 63 Cal.2d 598, 601 [47 Cal.Rptr. 561, 407 P.2d 865]; *Magit* v. *Board of Medical Examiners*, 57 Cal.2d 74, 87 [17 Cal.Rptr. 488, 366 P.2d 816]; *Martin* v. *Alcoholic Beverage etc. Appeals Board*, 52 Cal.2d 287, 291 [341 P.2d 296].) ▮ Since the board in this case imposed separate penalties for each statutory violation at each location, the partial exoneration of respondent on the first appeal does not itself compel a remand of this case to the board. (*Randle* v. *California State Board of Pharmacy*, 240 Cal.App.2d 254, 262 [49 Cal.Rptr. 485, 17 A.L.R.3d 1398]; *Mast* v. *State Board of Optometry*, 139 Cal.App.2d 78, 91-93 [293 P.2d 148].)

Thus the remand of this case by the trial court to the board for reconsideration of the penalties it had imposed upon respondent for two types of nonprofessional advertising may

[5]The abuse of discretion referred to here is not necessarily the abuse of discretion defined in Code of Civil Procedure, section 1094.5, subdivision (b). (See *Brown* v. *Gordon*, 240 Cal.App.2d 659, 666-667 [49 Cal. Rptr. 901], hear. den.)

be sustained only if we are prepared to say that these penalties were so unreasonably severe as to constitute an abuse of discretion as a matter of law. (See *Brown* v. *Gordon,* 240 Cal.App.2d 659, 666-667 [49 Cal.Rptr. 901], hear. den.)

This we cannot do. The advertising violations themselves were established on the first appeal of this case. Furthermore on that appeal this court rejected, among other claims of respondent, the contentions that respondent should not have been held accountable because it was merely doing what some of its competitors were doing and that the board's disciplinary proceedings themselves constituted unjust and unconstitutional discrimination against respondent. Thus in considering whether the penalties imposed were unreasonably severe we must take as established respondent's guilt of nonprofessional advertising.

Respondent argues, however, that in determining whether the board's penalties, in whole or in part, for the advertising violations constituted an abuse of discretion, we must consider in mitigation (cf. Gov. Code, § 11520, subd. (b)) the evidence that some of respondent's competitors apparently engaged in much the same type of discount advertising of prescription drugs as the board found to be illegal in this case. But this argument applies only to the illegal or discount advertising violations and not to the false and misleading advertising violations. No evidence was offered by respondent that any of its competitors engaged in the latter form of nonprofessional advertising, and it was this latter form of nonprofessional advertising which drew the 30-day suspensions. The discount advertising was punished only by 10-day suspensions. Under these circumstances we cannot say that the 10-day suspensions for illegal or discount advertising constituted an abuse of discretion as a matter of law.[6]

Accordingly, in this case the board's penalties may be held unreasonably severe only if they impose an unreasonable hardship upon respondent. As previously indicated, respondent did offer some evidence in the trial court in support of such a condition of hardship. However, the declaration of its secretary which we have summarized earlier may not be considered for this purpose because it was not introduced into evidence and its contents, much of which may well be other-

---

[6]The presence of widespread violations of a statute might well justify the administrative agency charged with its enforcement imposing a severe penalty for its violation as a deterrent and example to the remainder of those governed by the statute.

wise objectionable as to form, constituted inadmissible hearsay evidence. (See Code Civ. Proc., §§ 2015.5, 2009; Witkin, Cal. Evidence (2d ed. 1966) § 628, p. 588.)

This leaves only for our consideration this same witness' testimony before the trial court. This testimony falls far short of establishing unreasonable hardship to respondent. The witness' conclusion that the imposition of the original penalties[7] would cost respondent "well over $100,000" was completely unsupported by any computation showing probable loss in any amount in terms of such things as loss of prescription sales and pharmacists' salaries. (Cf. Evid. Code, § 412.)

The judgment of the superior court in this case, entered on February 6, 1967, is modified by striking the paragraphs therein designated as (5) and (6). As so modified, the judgment is affirmed.

Ford, P. J., and Moss, J., concurred.

A petition for a rehearing was denied November 25, 1968, and respondent's petition for a hearing by the Supreme Court was denied December 24, 1968.

---

[7]The original penalties included an additional 5-day suspension of the pharmacy permits at two of the locations for the alleged change of name violations.